Case 3:19-cr-00029-AET   Document 1   Filed 01/10/19   Page 1 of 13 PageID: 1

RECEIVED
JAN 10 2019
AT 3:50 PM
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 19- |
| | : |
| | : 18 U.S.C. § 1014 |
| v. | : 18 U.S.C. § 2 |
| | : 26 U.S.C. §§ 7201, 7202 & 7206(1) |
| | : |
| GEORGE GILMORE | : |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting in Trenton, charges:

### COUNT 1
### (Evasion of the Payment of Taxes Due and Owing – Calendar Years 2013, 2014, and 2015)

1.  At all times relevant to Count 1 of this Indictment, unless otherwise indicated:

    a.  Defendant GEORGE GILMORE ("defendant GILMORE") was an attorney and partner of a law firm, Gilmore & Monahan, P.A. (the "law firm"), located in Toms River, New Jersey.

    b.  As one of two equity partners and shareholders of the law firm, defendant GILMORE owned fifty percent of the stock of the law firm, which operated as a "C Corporation." Under the Internal Revenue Code, the profits of a C Corporation were taxed separately from its owners.

    c.  Defendant GILMORE exercised primary control over the financial affairs of the law firm, which included, among other things, arranging the preparation and filing of the tax returns, paying taxes and creditors on behalf of the law firm, and determining his own compensation from the law firm. Defendant GILMORE also did not share full and complete information about the law firm's financial transactions with other attorneys at the law firm, including the other equity partner.

1

d.  The Internal Revenue Service ("IRS") was an agency of the United States within the Department of Treasury, responsible for administering and enforcing the tax laws of the United States.

e.  A U.S. Individual Income Tax Return ("Form 1040") was the form filed by a taxpayer and used by the IRS to assess liability for personal income tax and eligibility for refunds.

f.  A Form 1040 was required to be filed, and any tax liability was required to be paid, by on or about April 15 of each year for the preceding calendar year unless the taxpayer obtained an extension to file the tax return. A taxpayer who sought an extension to file a Form 1040 was required to pay the IRS an estimated tax payment when filing for the extension.

2.  Since at least in or about 2005, instead of taking all of his compensation from the law firm in the form of a salary, from which taxes would have been withheld during the course of the calendar year, defendant GILMORE used the law firm bank accounts to pay for personal expenses and falsely classified those payments as "shareholder loans" in the law firm accounting records.

***Defendant Gilmore's Filing of Form 1040s Without Tax Payments***

3.  On or about the dates set forth below, for calendar years 2013 through 2015, defendant GILMORE filed Forms 1040 on behalf of himself and his spouse for individual income taxes due and owing for each calendar year, declaring under penalty of perjury that he and his spouse owed the amount of taxes set forth below:

| Calendar Year | Approximate Date of Filing | Taxes Reported Due and Owing |
|---|---|---|
| 2013 | October 16, 2014 | $493,526 |
| 2014 | October 19, 2015 | $321,470 |
| 2015 | October 20, 2016 | $311,287 |

Each of the Form 1040s were filed on extension, meaning that defendant GILMORE was required both to pay an estimated tax when seeking the extension and to complete full payment of his taxes when filing the tax returns.

4. Despite admitting that he owed taxes for each of these years, defendant GILMORE made no estimated tax payments and failed to fully pay the federal individual income taxes that he owed. Rather than making tax payments to the IRS for these calendar years, from in or about January 2014 to in or about December 2016, defendant GILMORE spent over $2,500,000 on personal expenses, including, but not limited to, the following:

  a. over $380,000 for construction and remodeling of his homes, which included an infinity swimming pool, a pool cabana, a slate roof, marble flooring, and mahogany and cherry wood fireplace mantels, among other features;

  b. over $700,000 for mortgage and related expenses on five different real estate properties that defendant GILMORE owned;

  c. over $440,000 in antiques, artwork, and collectibles, including animal tusks;

  d. over $20,000 on a Steinway piano;

  e. over $80,000 in collectible model trains; and

  f. over $100,000 on expenses relating to vacations in Colorado.

From in or about January 2014 to in or about December 2016, defendant GILMORE also borrowed over $1,700,000 from professional associates, friends, and law firm clients, and obtained approximately $572,000 from Ocean First Bank N.A. from the cash-out portion of a home mortgage loan that he refinanced. Defendant GILMORE did not spend any of the loaned amounts to pay his IRS tax debt and made regular repayments of these personal loans instead of paying any of his tax debt to the IRS. By December 31, 2016, based on the taxes due and owing that defendant GILMORE reported on the Form 1040s for calendar years 2013 through 2015, he owed

the IRS approximately $1,520,329 in total taxes, penalties, and interest for calendar years 2013 through 2015.

### *The Evasion of Payment Offense*

5. From at least in or about January 1, 2014 to in or about December 31, 2016, in the District of New Jersey and elsewhere, defendant

**GEORGE GILMORE**

did willfully attempt to evade and defeat the payment of the substantial income tax, interest, and penalties due and owing by him and his spouse to the IRS for calendar years 2013, 2014, and 2015, by committing the affirmative acts of tax evasion set forth below, among others:

   a. concealing his income and the existence of funds available to pay his outstanding tax liabilities by using his law firm bank and credit card accounts to pay for personal expenses and obtain cash;

   b. falsely classifying income that he received from the law firm as "shareholder loans";

   c. submitting a $493,526 check to the IRS for payment of his tax liability for calendar year 2013 drawn from a personal bank account with insufficient funds;

   d. making misrepresentations to the IRS, including false and misleading statements concerning his ability to pay and assurances of payment; and

   e. filing false tax returns that materially understated the true amount of income that defendant GILMORE received.

### *Defendant Gilmore Used the Law Firm Accounts to Pay Personal Expenses and Falsely Classified that Income as "Shareholder Loans"*

6. From in or about January 2014 to in or about December 2016, defendant GILMORE used the law firm bank accounts to pay over $2,000,000 worth of personal expenses, which included obtaining checks to cash and cash advances on a corporate credit card. Instead of classifying these personal expenses as income payments to himself in the books and records of the law firm, defendant GILMORE caused these payments to be classified falsely as "shareholder

4

loans." These purported shareholder loans did not have any promissory notes, loan documentation, and did not accrue any interest. Defendant GILMORE also did not inform the other equity partner and others at the law firm about the extent of these purported loans. Defendant GILMORE falsely classified his use of law firm monies to pay personal expenses as "shareholder loans" to conceal his true income from the IRS and evade payment of his taxes.

### Defendant Gilmore Submitted a $493,526 Check to the IRS Issued with Insufficient Funds

7.    On or about October 16, 2014, despite the fact that there was no more than $2,500 in defendant GILMORE's personal bank account at the time, defendant GILMORE sent the IRS a check from that account in the amount of $493,526 as a purported payment for his 2013 taxes. Defendant GILMORE's check bounced due to insufficient funds. Defendant GILMORE never re-submitted any payment in lieu of the bounced check, even following a notification from the IRS concerning the failed payment. During this same period, from late November 2014—after the IRS sent its notification concerning the bounced check—to the end of December 2014, defendant GILMORE spent over $80,000 on expenses for the construction of his home and to purchase antiques, artwork, and collectibles. Defendant GILMORE also paid over $25,000 in mortgage and related expenses for five different real estate properties that he owned.

### Defendant Gilmore's Misrepresentations to the IRS

8.    From in or about November 2014 to in or about October 2015, having been notified that the IRS could file tax liens and levies for the outstanding tax liabilities, defendant GILMORE falsely represented to an IRS collections officer on multiple occasions that he would make partial payments to the IRS for his outstanding tax liability, but made none. During this same period, on multiple occasions, defendant GILMORE also represented to the IRS collections officer that he anticipated having funds to make partial payments, but failed to disclose material facts concerning

his resources, including, but not limited to, his use of law firm funds to pay for personal expenses and other debts.

### *Defendant Gilmore Filed False Tax Returns*

9. From in or about October 2014 to in or about October 2015, defendant GILMORE filed Forms 1040s each year that underreported to the IRS his actual income from the law firm. As set forth above in paragraph 6, defendant GILMORE used law firm monies to pay personal expenses and falsely classified these monies used for personal expenses as "shareholder loans." The income reported on each of the Forms 1040 for calendar years 2013 and 2014 included only a portion of the amount of law firm monies that defendant GILMORE used for personal expenses.

In violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

## COUNTS 2 and 3
## (Filing False Tax Returns – Forms 1040 for Calendar Years 2013 and 2014)

1. Paragraphs 1 to 4, 6, and 9 of Count 1 of this Indictment are realleged and incorporated herein.

2. On or about the dates set forth below, in the District of New Jersey and elsewhere, defendant

**GEORGE GILMORE**

did willfully make and subscribe U.S. Individual Tax Returns, Forms 1040, for the calendar years set forth below, which were verified by written declarations that the returns were made under the penalties of perjury and which he did not believe to be true and correct as to material matters. On these income tax returns, which were filed with the IRS on or about the dates set forth below, defendant GILMORE falsely reported total income amounts on the lines set forth below, when, as he then and there well knew, he had income in excess of the amounts reported on the tax returns.

| Count | Calendar Year | Approximate Date of Filing | False Item on Line 22 of Form 1040 |
|---|---|---|---|
| 2 | 2013 | October 16, 2014 | $1,647,003 |
| 3 | 2014 | October 19, 2015 | $1,315,342 |

In violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

## COUNTS 4 and 5
## (Failure to Collect, Account for, and Pay Over Payroll Taxes)

1. Paragraphs 1a to 1c, 4, and 6 of Count 1 of this Indictment are realleged and incorporated herein.

2. At all times relevant to Counts 4 and 5 of this Indictment:

   a. Pursuant to the Internal Revenue Code and associated statutes and regulations, including the Federal Insurance Contributions Act ("FICA"), employers were required to withhold amounts from the gross salary or wages of their employees to cover individual income, Social Security and Medicare tax obligations. Employers were required to withhold these amounts to be held in trust on behalf of the United States and remit these withheld "trust fund" amounts ("payroll taxes") over to the IRS on a periodic basis, no later than the last day of the month following the end of the quarter.

   b. Employers were required to prepare and file an Employer's Quarterly Federal Tax Return ("Form 941"), due on the last day of the month following the end of a quarter, setting forth the total amount of wages and other compensation subject to withholding, the total amount of payroll taxes withheld, and the total tax deposits made to the IRS. Pursuant to the Internal Revenue Code, any person having authority to exercise significant control over an employer's financial affairs was deemed responsible for collecting, accounting for, and paying over payroll taxes, regardless of whether the individual in fact exercised such control.

   c. Defendant GILMORE exercised significant control over the law firm's financial affairs. Thus, defendant GILMORE was a person responsible for collecting trust fund taxes, accounting for those taxes by filing Forms 941 with the IRS, and paying over to the IRS those taxes for the employees of the law firm.

3. For the tax quarters ending March 31, 2016 and June 30, 2016, the law firm withheld tax payments from its employees' paychecks and filed Forms 941 with the IRS, but defendant GILMORE failed to pay over in full the payroll taxes due to the IRS.

4. Beginning on or about April 30, 2016 and continuing up to and including on or about July 31, 2016, in the District of New Jersey and elsewhere, defendant

## GEORGE GILMORE

did willfully fail to truthfully account for and pay over to the IRS all of the payroll taxes due and owing to the United States on behalf of Gilmore & Monahan, P.A., and its employees, for each of the following quarters, with each calendar quarter constituting a separate count of this Indictment:

| Count | Tax Quarter Ending | Approximate Date of Filing |
|---|---|---|
| 4 | March 31, 2016 | April 30, 2016 |
| 5 | June 30, 2016 | July 31, 2016 |

In violation of Title 26, United States Code, Section 7202 and Title 18, United States Code, Section 2.

## COUNT 6
## (False Statements in a Loan Application)

1.  Paragraph 1a of Count 1 of this Indictment is realleged and incorporated herein.

2.  At all times relevant to Count 6 of this Indictment:

    a.  Ocean First Bank N.A. (the "Bank") was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

    b.  To apply for a mortgage loan from the Bank, borrowers typically filled out a Uniform Residential Loan Application form ("URLA"). The Bank evaluated and relied upon representations contained in the URLA pertaining to the borrower's income, assets, liabilities, and credit eligibility, as well as other documents, in deciding whether to loan a particular borrower money for a mortgage.

    c.  Section VI of the URLA required borrowers to list assets, liabilities, and pledged assets. Question f in Section VIII of the URLA asked borrowers: "Are you presently delinquent or in default of any Federal debt or any other loan, mortgage, financial obligation, bond or loan guarantee?" Section IX of the URLA contained an affirmation by the borrower, which included the following statement:

    > the Information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this Information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq. . . . .

    d.  Prior to making a mortgage loan, the Bank evaluated whether the borrower satisfied, among other things, income, credit eligibility, and down payment requirements to qualify for the requested financing. The Bank performed its evaluation by reviewing the representations set forth in the URLA and related documents.

3.  On or about November 21, 2014, defendant GILMORE reviewed, signed, and submitted to the Bank, located in Toms River, New Jersey, a URLA to obtain refinancing of a mortgage loan for $1,500,000 with a "cash-out" provision that provided that defendant GILMORE would obtain cash from the mortgage loan.

4.  On or about January 22, 2015, defendant GILMORE reviewed, signed, and submitted to the Bank, located in Toms River, another URLA (the "January 2015 URLA") for the same mortgage loan of $1.5 million, updating his November 21, 2014 URLA.

5.  In or about January 2015, defendant GILMORE had outstanding liabilities that included unpaid federal personal income taxes due and owing for calendar year 2013 and outstanding loans that he had obtained from others.

6.  In Section VI of the January 2015 URLA, defendant GILMORE intentionally omitted his outstanding 2013 tax liabilities and personal loans.

7.  In Section VIII of the January 2015 URLA, defendant GILMORE falsely declared "no" in response to question f, which asked: "Are you presently delinquent or in default of any Federal debt or any other loan, mortgage, financial obligation, bond or loan guarantee?"

8.  Based on the January 2015 URLA and other information that defendant GILMORE submitted to the Bank related to his mortgage loan application, the Bank approved defendant GILMORE's application for the loan and defendant GILMORE received approximately $572,000 from the cash out portion of the loan from the Bank.

9. On or about January 22, 2015, in the District of New Jersey and elsewhere, defendant

**GEORGE GILMORE**

knowingly made false statements for the purpose of influencing the actions of the Bank upon his application for the mortgage loan described in paragraphs 3 and 4 of Count 6 of this Indictment.

In violation of Title 18, United States Code, Section 1014 and Section 2.

A TRUE BILL

FOREPERSON


RACHAEL A. HONIG
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

12

CASE NUMBER: 19-_____

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

GEORGE GILMORE

## INDICTMENT FOR

18 U.S.C. § 1014
18 U.S.C. § 2
26 U.S.C. §§ 7201, 7202 & 7206(1)



Foreperson

**RACHAEL A. HONIG**
*ATTORNEY FOR THE UNITED STATES*
*ACTING UNDER AUTHORITY CONFERRED BY 28 U.S.C. § 515*
*TRENTON, NEW JERSEY*

MATTHEW J. SKAHILL
JIHEE G. SUH
*ASSISTANT U.S. ATTORNEYS*
*856-968-4929*
*973-645-2836*

THOMAS F. KOELBL
*TRIAL ATTORNEY*
*UNITED STATES DEPARTMENT OF JUSTICE*
*TAX DIVISION*
*202-514-5891*