

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

---

CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE    *856/757-5026*
*401 Market Street, 4th Floor*    Fax: *856/968-4917*
*Post Office Box 2098*    Direct Dial: *856/968-4929*
*Camden NJ  08101-2098*

March 4, 2019

**Via ECF**
Honorable Anne E. Thompson
Senior United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08625

       Re:    <u>United States v. George Gilmore, Cr. 19-029 (AET)</u>

Dear Judge Thompson:

       The Court has scheduled a hearing on March 8, 2019 to inquire into defense counsel's potential conflict of interest.  Since the entry of the Court's February 5, 2019 Order scheduling this hearing, defense counsel has advised that he has withdrawn from representing the other employees of Gilmore & Monahan P.A. (the "law firm").  Mariellen Dugan, Esq. from the Gibbons Firm now represents these individuals.  However, Mr. Marino's withdrawal and the tendered waivers (Docket Entry 12) do not obviate the potential conflict that remains in this case.

       The Court, at the upcoming hearing, should inquire of defendant Gilmore and the relevant law firm witnesses (specifically, Thomas Monahan, Jean Cipriani, Sean Waldron, William Rehill, and Denis Kelly) to determine whether the conflict is waivable and, if not, whether disqualification is necessary.  The potential conflicts raised in the Government's February 1, 2019 submission remain, notwithstanding Mr. Marino's withdrawal as counsel for the law firm employees.

       New Jersey Rule of Professional Conduct ("NJRPC") 1.9(a) provides that:

> [a] lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing.

Likewise, NJRPC 1.9(c) holds that:

> [a] lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known;
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Accordingly, while withdrawing as counsel for the law firm employees avoids a violation of NJRPC 1.7 (an actual conflict caused by concurrent representations), it does not resolve the potential conflict under NJRPC 1.9 or the Sixth Amendment as discussed further in the Government's February 1, 2019 brief (Docket Entry 11).

Here, a potential conflict remains because Mr. Marino has indicated that, at trial, he will be "cross examining these people [former law firm clients] based on what statements they have" (Transcript of January 18, 2019 Appearance and Arraignment at 35). These witnesses, therefore, will likely be directly adverse to Gilmore. Additionally, for certain law firm employees, these statements will presumably include testimony before the Grand Jury wherein Mr. Marino or another member of his firm represented the witness, where the witnesses took breaks to meet with Mr. Marino or another member of his firm during his or her testimony, and where the witnesses received counsel and advice from Mr. Marino or another member of his firm. *See, e.g.*, Gov't Brief Exhibit 5 at pp. 24 and 25. An attorney who cross-examines a former client inherently encounters divided loyalties. *See United States v. Moscony*, 927 F.2d 742, 750 (3d Cir. 1991). A conflict also exists where the attorney has previously obtained confidential information and is placed in the position of cross-examining a former client at the trial of the current client with that confidential information. *Id.; see also United States v. Stewart*, 185 F.3d 112, 121 (3d. Cir. 1999). In this case, Mr. Marino will likely be in that situation. *See United States v. Provenzano*, 620 F.2d 985, 1005 (3d Cir. 1980) (attorney's access to privileged information presumed once attorney-client relationship established).

This Court should determine whether securing waivers both in writing and on the record will suffice to permit continued representation and ensure the zealous advocacy and effective assistance of counsel that the NJRPCs and the Sixth Amendment, respectively, guarantee. The written waivers alone (Docket Entry 12) do not address the likely scenario that one or more of the law firm witnesses may face cross-examination from their former attorney, including potential cross-examination about grand jury testimony, which they provided when Mr. Marino represented them. The tendered waivers also do not address the use of privileged or confidential information received from the law firm's witnesses at trial. Likewise, the law firm witnesses have personal and professional relationships with Gilmore and could have felt that by waiving the conflicts, they somehow were lessening the damage that their testimony could cause Gilmore thus rendering the waiver involuntary. Finally, as the Government observed in its initial submission, Mr. Marino's ethical obligations to his former clients (including his duty to preserve client confidences may materially limit the manner in which he can cross-examine adverse witnesses at trial. *See Stewart*, 185 F.3d at 122. Accordingly, a fulsome on the record inquiry is

necessary. *See United States v. Dolan*, 570 F.2d 1177, 1181 (3d Cir. 1978) (court should address defendant "personally and forthrightly" to advise of potential dangers of representation by counsel with a conflict of interest).

The Government therefore proposes the following questions for George Gilmore:[1]

1. How old are you?

2. Do you read and understand English?

3. Are you currently under the treatment of any doctor for a medical or psychiatric condition such that you do not appreciate the nature of these proceedings?

4. What is your level of education?

5. As an attorney, are you familiar with New Jersey Rules of Professional Conduct 1.7 and 1.9? Do you understand the rules?

6. Do you understand that as a defendant in this matter, you have a right under the Sixth Amendment to the United States Constitution to the effective assistance of counsel?

7. Do you understand that this right includes the right to be represented by an attorney who is free from any conflicts of interest that might jeopardize his representation of your interests?

8. In this regard, have you read the Government's February 1, 2019 brief on the issues of potential conflicts of interest?

9. Do any of the issues in the brief raise any concerns for you with respect to your rights?

10. Do you understand that Mr. Marino and his law firm previously represented other attorneys and employees at Gilmore & Monahan in connection with the Government's investigation of your conduct?

11. Do you understand that Mr. Marino or another member of his firm appeared with and represented certain employees from Gilmore & Monahan when they testified before the federal grand jury, which returned an indictment charging you with certain offenses?

12. Do you understand that there may be a conflict of interest here, in that Mr. Marino is representing you but that he previously represented witnesses from your law firm,

---

[1] The Government has consulted with Mr. Marino, who does not object to the proposed questions.

3

      who may be called by the Government to testify at your trial and who may be adverse to your interests?

13. For instance, do you understand that the Rules of Professional Responsibility may prevent Mr. Marino from sharing or using confidential or privileged information received from these witnesses to defend your case?

14. Additionally, do you understand that Mr. Marino may be prevented from cross-examining these witnesses based on privileged or confidential information that he received from the witness?

15. Do you understand that Mr. Marino also theoretically may hesitate to impeach such a witness because of his prior relationship or his firm's relationship as their counsel?

16. And do you understand that there may be other potential issues from this multiple representation that could be detrimental to you which at this time are unforeseen but may come up later?

17. Have you consulted with Mr. Marino about all of these issues and any other potential ramifications?

18. Previously, did you also sign a written waiver of any potential or apparent conflicts of interest associated with Mr. Marino's simultaneous representation of you and other law firm employees?

19. Did you do that after consultation with Mr. Marino and after having had an opportunity to ask him any questions you may have had?

20. Are you satisfied with your consultations with Mr. Marino and with his representation of you?

21. Do you want to consult with another attorney to receive further advice and input about the foreseeable and also unknown potential conflicts arising from this multiple representation?

22. Do you want more time to consult with Mr. Marino before I question you further?

23. Do you wish to waive your right to retain a different attorney to represent you, and to continue with Mr. Marino as your attorney?

24. Do you understand that by waiving this conflict of interest now, you cannot complain about it at a later time? In other words, you understand that this waiver will bind you?

25. Is your waiver knowing and voluntary?

The Government proposes the following questions for Mr. Marino:[2]

1. Mr. Marino, do you reasonably believe that you will be able to provide competent and diligent counsel to Mr. Gilmore and that your previous representation of other law firm employees will not impact you in this regard?

2. Have you consulted with Mr. Gilmore on the potential conflicts in this case and do you believe that his waiver is both knowing and voluntary?

The Government proposes the following questions for the Gilmore & Monahan employees:[3]

1. How old are you?

2. Do you read and understand English?

3. Is there any reason why you are unable to understand the nature of these proceedings?

4. What is your level of education?

5. Are you an attorney? [If yes, proceed to question 6; if no, proceed to question 7]

6. As an attorney, are you familiar with New Jersey Rules of Professional Conduct 1.7 and 1.9? Do you understand those Rules?

7. Defendant George Gilmore is charged in a six-count indictment with violations of federal criminal law. Are you aware that you that you may be called as a witness in that case?

8. Does an attorney represent you in this matter?

9. What is his or her name?

10. Were you previously represented in this matter by Kevin Marino, Esq. and the law firm, Marino, Tortorella & Boyle, PC?

---

[2] The Government has consulted with Mr. Marino, who does not object to the proposed questions.

[3] The Government has consulted with Ms. Dugan, who objects to Question 21 and has asked the Government to convey her objection to the court. Ms. Dugan maintains that this question is overly broad, calls for speculation, and that by "asking [her] clients to waive 'potential issues' that are unforeseen now but may arise later does not seek to procure or confirm a knowing and voluntary waiver of conflict" and "is not designed to lead to the discovery of relevant information or evidence in this matter." The Government maintains that the question is necessary because it is impossible for counsel or the Court to fully predict all the ways in which the multiple representation could be detrimental. The witness should be advised of this fact in considering whether to waive the conflict.

5

11. Are you aware that Mr. Marino and his law firm represents the defendant, George Gilmore?

12. Do you understand that if you are called as a witness in this case, you may face cross-examination by Mr. Marino or a member of his firm?

13. Did you appear before a federal Grand Jury in connection with the investigation of Mr. Gilmore? [If yes, proceed to question 14; if no, proceed to question 18].

14. Were you represented by Mr. Marino or a member of his firm in connection with that appearance?

15. Did Mr. Marino or another member of his firm appear with you at the federal grand jury when you testified?

16. Did you understand, at that time, that Mr. Marino also represented Mr. Gilmore?

17. Do you understand that if you are called as a witness in this case that Mr. Marino or a member of his firm may cross-examine you with any statements that you previously made in front of the grand jury even though his firm represented you when you appeared?

18. Do you understand that Mr. Marino or a member of his firm may cross-examine you about any statements that you may have previously made to law enforcement or other individuals?

19. Do you understand that Mr. Marino or a member of his firm may cross-examine you about anything he has learned about you that is not part of or protected as a privileged or confidential communication that you have had with him or a member of his firm as your attorney?

20. And do you have any concerns with being subject to cross-examination at trial by Mr. Marino or a member of his firm despite the fact that you were previously represented by Mr. Marino and members of his firm?

21. And do you understand that there may be other potential issues from this multiple representation that could be detrimental to you, which at this time are unforeseen, but may arise later?

22. Did you previously sign a written waiver of any potential or apparent conflicts of interest associated with Mr. Marino's simultaneous representation of you and other law firm employees?

23. Did you do that after consultation with Mr. Marino and after having had an opportunity to ask him any questions you may have had?

24. At the time you signed the waiver were you satisfied that any questions you may have had were answered?

25. Did you sign that written waiver knowingly and voluntarily?

26. Have you discussed with your new counsel the potential conflicts that may arise from Mr. Marino's law firm's former representation of you in this matter?

27. Do you want more time to discuss it with her now, before I go on?

28. Do you agree to waive any conflicts that this previous representation may cause?

29. You understand by waiving this conflict now, you may not raise an objection at a later time?

30. Is your waiver knowing and voluntary?

After these colloquies, the Court should then determine whether the waivers, if entered by the defendant and the witnesses, are sufficient.

Respectfully submitted,

RACHAEL A. HONIG
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

By:   /s/ Matthew J. Skahill
      /s/ Jihee G. Suh
      MATTHEW J. SKAHILL
      JIHEE G. SUH
      Assistant United States Attorneys

      /s/ Thomas F. Koelbl
      THOMAS F. KOELBL
      Trial Attorney
      U.S. Department of Justice – Tax Division

cc:   Kevin H. Marino, Esq.
      Mariellen Dugan, Esq.