UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA          :
                                  :     Hon. Anne E. Thompson
            v.                    :
                                  :     Criminal No. 19-29 (AET)
GEORGE GILMORE                    :


MEMORANDUM OF LAW IN OPPOSITION TO
CROSS-MOTION TO EXCLUDE DETAILS OF
DEFENDANT'S PERSONAL EXPENDITURES

RACHAEL A. HONIG
ATTORNEY FOR THE UNITED STATES
Acting Under Authority Conferred By
28 U.S.C. § 515
United States Attorney's Office
District of New Jersey
970 Broad Street
Newark, New Jersey 07102
(973) 645-2700

On the Memorandum:

MATTHEW J. SKAHILL
Deputy U.S. Attorney

JIHEE G. SUH
Assistant U.S. Attorney

THOMAS F. KOELBL
Trial Attorney
United States Department of Justice-Tax Division

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .................................................................................................... 1

ARGUMENT ............................................................................................................ 2

    The Nature And Type Of Gilmore's Personal Expenditures Are Plainly
    Probative Of The Charged Offenses And Are Not Substantially More Unfairly
    Prejudicial Than Probative. ................................................................................ 2

        A.    The Evidence Is Relevant Under Rule 401. ................................................ 2

        B.    The Evidence Is Not Excludible Under Rule 403. ...................................... 8

CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**                                                                                                   **PAGE(S)**

*Carter v. Hewitt,*
   617 F.2d 961 (3d Cir. 1980) .......................................................................... 8

*Cheek v. United States,*
   498 U.S. 192 (1991) ..................................................................................... 7

*Gibson v. Mayor & Council of Wilmington,*
   355 F.3d 215 (3d Cir. 2004) .......................................................................... 3

*Greenberg v. United States,*
   46 F.3d 239 (3d Cir. 1994) ............................................................................ 6

*Huddleston v. United States,*
   485 U.S. 681 (1988) ..................................................................................... 7

*Hurley v. Atlantic City Police Dep't.,*
   174 F.3d 95 (3d Cir. 1999) ............................................................................ 3

*McNamara v. Picken,*
   Civil No. 11-1051, 2013 WL 2423804 (D.D.C. June 4, 2013) ..................... 2

*Rae v. United States,*
   Civil No. 17-13226, 2017 WL 6803389 (E.D. Mich. Nov. 29, 2017) ......... 8

*Rambus Inc. v. Hynix Semiconductor Inc.,*
   254 F.R.D. 597 (N.D. Cal. 2008) ................................................................. 1

*Spies v. United States,*
   317 U.S. 492 (1943) ..................................................................................... 4

*United States v. Blanchard,*
   618 F.3d 562 (6th Cir. 2010) ..................................................................... 6, 7

*United States v. Boisseau,*
   841 F.3d 1122 (10th Cir. 2016) .................................................................... 8

*United States v. Cross,*
   308 F.3d 308 (3d Cir. 2002) .......................................................................... 8

*United States v. DeMuro*,
    677 F.3d 550 (3d Cir. 2012) .................................................................................... 4, 6, 7, 9

*United States v. Ellis*,
    548 F.3d 539 (7th Cir. 2008) ................................................................................................ 6

*United States v. Hazelrigg*,
    654 F. App'x 341 (9th Cir. 2016) ........................................................................................ 4

*United States v. Hills*,
    618 F.3d 619 (7th Cir. 2010) ................................................................................................ 5

*United States v. Jinwright*,
    683 F.3d 471 (4th Cir. 2012) ................................................................................................ 5

*United States v. Lynch*,
    735 F. App'x 780 (3d Cir. 2018) ........................................................................................ 6

*United States v. McCorkle*,
    688 F.3d 518 (8th Cir. 2012) ................................................................................................ 3

*United States v. McGill*,
    964 F.2d 222 (3d Cir. 1992) ................................................................................................ 4

*United States v. Peters*,
    153 F.3d 445 (7th Cir. 1998) ................................................................................................ 6

*United States v. Ringwalt*,
    213 F. Supp. 2d 499 (E.D. Pa. 2002) .............................................................................. 4, 5

*United States v. Simonelli*,
    237 F.3d 19 (1st Cir. 2001) .................................................................................................. 5

*United States v. Threadgill*,
    572 F. App'x 372 (6th Cir. 2014) ........................................................................................ 7

*United States v. Voigt*,
    89 F.3d 1050 (3d Cir. 1996) ................................................................................................ 4

*United States v. Wanland*,
    657 F. App'x 631 (9th Cir. 2016) ........................................................................................ 4

*United States v. Yurek*,
    Crim. No. 15-394, 2017 WL 3190399 (D. Colo. July 27, 2017) ...................................... 8

**Statutes**

26 U.S.C. § 7201 .................................................................................................... 3, 7

26 U.S.C. § 7202 ....................................................................................................... 6

26 U.S.C. § 7206 ....................................................................................................... 6

26 U.S.C. § 7206(1) .................................................................................................. 5

**Rules**

Fed. R. Evid. 401 ............................................................................................. *passim*

Fed. R. Evid. 403 ................................................................................................ 2, 8, 9

## INTRODUCTION

The United States opposes Defendant George Gilmore's cross-motion, ECF No. 25, to exclude outright the details of his personal expenditures on the ground that they are not probative and carry an intolerable risk of unfair prejudice, ECF No. 25-1 at 10-15.[1] The Third Circuit has held such details easily satisfy Rule 401's low threshold for admissibility because they are highly probative in a tax evasion case where the defendant, as is the case with Gilmore, made a series of deliberate choices regarding income and how to spend and account for it.

Gilmore seeks the wholesale exclusion of all such evidence. He claims it can be misused to "cast him in a negative light with the jury, painting him as a self-indulgent spendthrift who, instead of meeting his tax obligations, callously spent hundreds of thousands of dollars on exorbitant frivolities well beyond the means of the average person." ECF 25-1 at 15. That is not the purpose of this highly probative evidence of tax evasion. The evidence of Gilmore's personal spending in the face of a substantial tax debt demonstrates his willful conduct in violation of the federal criminal tax statutes charged in the Superseding Indictment.

Underscoring the weakness of his position, Gilmore tries to link the admissibility of his proffered expert (Dr. Simring) to the admissibility of the Government's evidence of expenditures. This tactic usually is deployed in the case of warring experts, *e.g.*, *Rambus Inc. v. Hynix Semiconductor Inc.*, 254 F.R.D. 597, 604 (N.D. Cal. 2008) ("Rambus's 'sauce for the goose, sauce for the gander' argument does not provide a basis for denying a meritorious motion to prevent Mr. Murphy from testifying as an expert in certain areas."). Gilmore uses it here to connect two issues controlled by different standards and different

---

[1] Throughout this Memorandum, pin cites are to the page number in the blue ECF legend at the top of the filed pleading.

evidence rules. However done, it is wrong. *Cf. McNamara v. Picken*, Civil No. 11–1051, 2013 WL 2423804, at *3 (D.D.C. June 4, 2013) ("The Federal Rules . . . do not create some kind of mutuality that renders any objection made by one side *ispo facto* legitimate when made by the other side.").[2] Thus, Gilmore's cross-motion should be denied.

## ARGUMENT

### The Nature And Type Of Gilmore's Personal Expenditures Are Plainly Probative Of The Charged Offenses And Are Not Substantially More Unfairly Prejudicial Than Probative.

Gilmore concedes that his use of his law firm's accounts to pay for personal expenses and the amount of those expenditures are relevant. ECF 25-1 at 13. Yet, he cites the Exhibit List that the Government recently served on him to predict the Government will introduce hundreds of exhibits and elicit "multiple days" of testimony proving the details of those expenditures. ECF No. 25-1 at 10. Gilmore claims those details are logically irrelevant under Rule 401 and substantially more unfairly prejudicial than probative under Rule 403. ECF No. 25-1 at 11-15. He is wrong in both respects. The probative value of the evidence of his personal spending is very significant, and is not substantially outweighed by unfair prejudice.

A. **The Evidence Is Relevant Under Rule 401.**

The Superseding Indictment alleges that Gilmore repeatedly used his law firm's finances to disguise his own, ECF No. 18 at 5, ¶ 6, and that he did so for the purpose of willfully

---

[2] Having reviewed Gilmore's opposition to the Government's motion to preclude the testimony of Dr. Simring, the Government has concluded no reply is necessary.

2

- evading his obligation to pay the full amount of federal income taxes he otherwise would have owed, *id.* at 1-6;
- submitting falsified tax returns, *id.* at 7; and
- failing to pay payroll taxes, *id.* at 8-9.

The Superseding Indictment also alleges that Gilmore spent over $2.5 million on a variety of expenses from January 2014 to December 2016, rather than making payments to the IRS. The details of how Gilmore arranged his financial affairs and manipulated those of his law firm easily satisfy the standard for relevance under Rule 401.

Evidence is relevant if "it has *any* tendency to make a fact more or less probable than it would be without the evidence" and that "fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). "The definition of relevant evidence is very broad" and "'Rule 401 does not raise a high standard.'" *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) (*quoting* Hurley v. Atlantic City Police Dep't., 174 F.3d 95, 109-110 (3d Cir. 1999)). "In determining the relevancy of the evidence at issue in this case, [this court] first look[s] to what elements must be proven under the statute of conviction." *United States v. McCorkle*, 688 F.3d 518, 521 (8th Cir. 2012). *See generally* Fed. R. Evid. 401 Ad. Comm. Note ("Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."). Evidence that Gilmore repeatedly used his law firm's bank accounts to pay personal expenses, including the items set forth in paragraph 4 of Count 1 of the Superseding Indictment, is significantly probative of several elements of the crimes charged in Counts 1 through 5.

For example, to prove Gilmore evaded the payment of personal federal income taxes, in violation of 26 U.S.C. § 7201, ECF No. 18 at 1-6, the Government must show: "1) the existence of a tax deficiency, 2) an affirmative act constituting an attempt to

3

evade or defeat payment of the tax, and 3) willfulness." *United States v. McGill*, 964 F.2d 222, 229 (3d Cir. 1992) (citation omitted). That makes willfulness and an affirmative act of evasion facts of consequence. That Gilmore (1) used his law firm's bank account to repeatedly pay various personal expenses that were not the firm's,[3] and (2) falsely classify those amounts as shareholder loans tends both to make it more likely than not that Gilmore attempted to conceal available income from the IRS and that he did so willfully. *See United States v. DeMuro*, 677 F.3d 550, 558-59 (3d Cir. 2012); *see also United States v. Voigt*, 89 F.3d 1050, 1090-91 (3d Cir. 1996) (citing cases). That Gilmore's personal spending consisted of payments related to the construction of his home, multiple properties, and other expensive items, instead of payments to the IRS, also makes it more likely that he acted willfully. *See, e.g., United States v. Wanland*, 657 F. App'x 631, 635 (9th Cir. 2016) (unreported) (in evasion of payment case, district court did not abuse its discretion in admitting evidence of defendant's wealth and lifestyle because it was relevant to prove intent and motive to evade taxes); *United States v. Hazelrigg*, 654 F. App'x 341, 343 (9th Cir. 2016) (unreported) (in tax evasion case, evidence of lavish spending, including admission of photographs of condominium, was relevant to show the ability to pay taxes and affirmative attempts to avoid collection);

---

[3] Gilmore incorrectly claims "the Indictment does not allege" any "traditional acts of evasion, which involve hiding assets or placing them beyond the reach of the Government," but instead "attempts to ground Gilmore's evasion of payment in his excessive spending on expensive and frivolous items." ECF No. 25-1 at 7. The Superseding Indictment is not so limited. In fact, it alleges five affirmative acts of evasion. ECF 18 at 4-6, ¶¶ 5-9. *See Spies v. United States*, 317 U.S. 492, 499 (1943) ("Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished"). Moreover, Count 1 alleges that, in addition to items that could be hoarded, Gilmore spent over $1 million on home "construction and remodeling" and "mortgage and related expenses on five different real estate properties." ECF 18 at 3, ¶ 4.b.

4

*United States v. Ringwalt*, 213 F. Supp. 2d 499, 502 (E.D. Pa. 2002) (denying acquittal motion by defendant who was convicted of tax evasion and other tax crimes after trial that featured evidence of defendant's use of his money to support a lavish lifestyle).

To prove Gilmore made and subscribed to false federal personal income tax returns, in violation of 26 U.S.C. § 7206(1), Counts 2-3, ECF No. 18 at 7, the Government must show he "'(1) ... made or caused to be made a federal income tax return that []he verified was true; (2) the return was false as to a material matter; (3) ...[he] signed the return willfully and knowing it was false; and (4) the return contained a written declaration that it was made under penalty of perjury." *United States v. Hills*, 618 F.3d 619, 638-39 (7th Cir. 2010); *see* 3d Cir. Model Jury Instruction No. 6.26.7206 (*reprinted at* ECF No. 25-1 at 122). That makes willfulness and a knowingly false return facts of consequence. The Superseding Indictment alleges (by incorporating the factual allegations of Count 1) that Gilmore materially understated the amount of his reportable income when he falsely disguised, as shareholder loans, money he took from his law firm to pay for personal expenses. ECF 18 at 7, ¶ 1 (incorporating *id.* at 3, ¶ 4).

That Gilmore repeatedly used his law firm to pay extensive personal expenses, unrelated to the business of the firm, tends to make it more likely that Gilmore knowingly received reportable income that was substantially higher than the income he reported on line 23 of his 2013 and 2014 Forms 1040. *See United States v. Simonelli*, 237 F.3d 19, 30 (1st Cir. 2001) ("strong" evidence of tax fraud included defendant's expenditure of "considerable sums" on homes, country clubs, cars and other "accoutrements of wealth," with "little of the sums to pay for these things reported to tax authorities as his income or as a loan to him"); *see also United States v. Jinwright*, 683 F.3d 471, 476 (4th Cir. 2012) ("To establish that defendants knowingly understated their taxable income, the

5

government . . . tendered evidence of defendants' extravagant spending that exceeded the income they reported. . . ."). And, as explained above, that Gilmore misclassified this income tends to prove that he acted willfully. *See generally United States v. Peters*, 153 F.3d 445, 461 (7th Cir. 1998) ("The record shows ... a consistent pattern of diverting corporate funds into her personal accounts and making corporate expenditures for her personal benefit. Such a pattern is sufficient evidence to support the jury's conclusion that Dr. Peters filed tax returns which she did not 'believe to be true and correct as to every material matter.'") (*quoting* 26 U.S.C. § 7206).

To prove Gilmore willfully failed to pay payroll taxes, in violation of 26 U.S.C. § 7202, Counts 4-5, ECF No. 18 at 8-9, the Government must prove willfulness and Gilmore's failure to pay Gilmore & Monahan's payroll taxes. *See United States v. Lynch*, 735 F. App'x 780, 788 (3d Cir. 2018) (not selected for publication) (*citing Greenberg v. United States*, 46 F.3d 239, 243 (3d Cir. 1994)). That makes willfulness, Gilmore's responsibility for paying payroll taxes, and his failure to pay them, facts of consequence. In *DeMuro*, which also involved a § 7202 prosecution, the Third Circuit held that identical evidence of personal expenditures was logically relevant under Rule 401:

> Several witnesses testified at trial about the DeMuros' personal spending habits, including their luxury vacations, nice homes, and Theresa's substantial home shopping network expenditures. The Government also presented evidence that the DeMuros wrote checks on TAD's accounts to pay for some of their personal expenditures. . . . Contrary to the DeMuros' assertion, evidence of personal spending can be relevant evidence in criminal tax actions and was, in fact, relevant here.

*DeMuro*, 677 F.3d at 558 (*citing United States v. Blanchard*, 618 F.3d 562, 569-70 (6th Cir. 2010), and *United States v. Ellis*, 548 F.3d 539, 543 (7th Cir. 2008)). The proffered evidence made it more likely that the defendants acted willfully (by negating any suggestion that they lacked funds or were too busy to pay payroll taxes) and established

6

their responsibility for paying the taxes by proving that they had signature authority over the employing entity's checking account. 677 F.3d at 558-59. So too here.

On top of this, "willfulness," *i.e.*, the voluntary and intentional violation of a known legal obligation, *Cheek v. United States*, 498 U.S. 192, 201 (1991), is rarely proved directly in any case (much less a tax case), but, often is proved by circumstantial evidence of a defendant's conduct. *See generally Huddleston v. United States*, 485 U.S. 681, 685 (1988) ("Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct."). Here, the way Gilmore repeatedly used his law firm's checking account to pay for personal expenses, including the items set forth in paragraph 4 of Count 1 of the Superseding Indictment, and falsely treated the monies used to pay those expenses as shareholder loans, tends to prove that he voluntarily and intentionally violated a known legal duty and easily satisfies Rule 401's low threshold for probity. *See DeMuro*, 677 F.3d at 558-59; *Blanchard*, 618 F.3d at 569-70 ("If a defendant has made discretionary purchases in lieu of meeting his tax obligations, this is probative of his guilt.").

Evidence of substantial personal spending conducted out of corporate (not personal) accounts is commonly deemed relevant—not only to prove willfulness or intent to evade in an evasion-of-payment tax prosecution, but also as evidence of affirmative acts of evasion. For example, in *United States v. Threadgill*, 572 F. App'x 372, 382-84 (6th Cir. 2014) (not selected for publication), a Sixth Circuit panel found sufficient evidence of intent to prove a § 7201 offense by an attorney with $1.4 million federal tax debt, where that attorney paid a variety of expenses out of his law firm's bank account— such as real estate and vacation expenses—then falsely characterized such expenses as,

among other things, loans to himself. *Accord United States v. Boisseau*, 841 F.3d 1122, 1126-28 (10th Cir. 2016) (evidence that attorney who caused law firm to switch from paying him a salary to paying his personal expenses out of the law firm account was sufficient to prove an affirmative act of tax evasion, as well as evidence of willfulness); *Rae v. United States*, Civil No. 17-13226, 2017 WL 6803389, at *3 (E.D. Mich. Nov. 29, 2017) (affirmative act charged in indictment—using business bank account, as well as cash and money orders, to pay personal expenses—was sufficiently pled as affirmative act in tax evasion case); *United States v. Yurek*, Crim. No. 15-394, 2017 WL 3190399, at *3 (D. Colo. July 27, 2017) ("use of . . . affiliated business entities to pay Defendant's personal expenses, including through generous executive loan accounts, may support a charge of tax evasion as a means of" concealing assets or covering up sources of income).

### B. The Evidence Is Not Excludible Under Rule 403.

Under Rule 403, courts exclude otherwise relevant evidence only where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Courts may invoke Rule 403 to exclude evidence that tends to "'suggest decision on an improper basis, commonly... an emotional one.'" *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (citation omitted). But "consideration should be given to the effectiveness or lack of effectiveness of a limiting instruction." Fed. R. Evid. 403 Ad. Comm. Notes. Moreover, evidence "cannot be excluded under Rule 403 merely because its unfairly prejudicial effect is greater than its probative value. Rather, evidence can be kept out only if its unfairly prejudicial effect '*substantially* outweigh[s]' its probative value." *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002) (emphasis added) (*quoting* Fed. R. Evid. 403).

Speculating from the Government's exhibit list, Gilmore contends the Government will introduce thousands of pages, and elicit days of testimony, proving the details of each personal expenditure during the relevant time period. *See* ECF 25-1 at 10-11. He claims the purpose of such evidence will be to "cast him in a negative light" because he "spent hundreds of thousands of dollars on exorbitant frivolities well beyond the means of the average person," *id.* at 15. On this basis, he seeks the wholesale exclusion of *all of that evidence*. *See* ECF 25-1, at 14-15.

Whether Gilmore is in fact a "self-indulgent spendthrift," *id.*, is beside the point. Putting aside that Gilmore's speculation as to what the Government will do with such evidence is grossly premature, his motion rests on an incorrect understanding of the law. In *DeMuro*, the Third Circuit affirmed the admission of similar expenditures over a Rule 403 objection, finding that the probative value such evidence "was significant." 677 F.3d at 560. Although the Court was "sensitive to the effect that evidence of a defendant's liberal spending habits can have on a jury, particularly in these lean economic times, the evidence admitted in this case, *i.e.*, evidence of vacations, jewelry, cars, and parties, was not so inflammatory as to carry a great risk of prejudice. It certainly was not so prejudicial as to substantially outweigh *its very significant probative value.*" *Id.* (emphasis added). To the same effect here, the very significant probative value of Gilmore's personal spending is not substantially outweighed by the risk of undue prejudice. Accordingly, Rule 403 does not bar the admission of this evidence.

## CONCLUSION

In sum, this Court should deny Gilmore's cross-motion.

                    Respectfully submitted,

                    RACHAEL A. HONIG
                    Attorney for the United States
                    Acting Under Authority Conferred
                    by 28 U.S.C. § 515

By:    /s/ Matthew J. Skahill
           /s/ Jihee G. Suh
           MATTHEW J. SKAHILL
           Deputy U.S. Attorney
           JIHEE G. SUH
           Assistant U.S. Attorney

           /s/ Thomas F. Koelbl
           THOMAS F. KOELBL
           Trial Attorney
           U.S. Department of Justice-Tax Division

Dated: March 20, 2019