

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE | 856/757-5026 |
| 401 Market Street, 4th Floor | Fax: 856/968-4917 |
| Post Office Box 2098 | Direct Dial: 856/968-4929 |
| Camden NJ  08101-2098 | |

March 27, 2019

<u>Via ECF</u>

Honorable Anne E. Thompson
Senior United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08625

  Re: *United States v. George Gilmore*, Crim. No. 19-029 (AET)

Dear Judge Thompson:

  Please accept this letter brief in support of the Government's motions *in limine*:

(1) to admit the following evidence in the Government's case-in-chief as intrinsic evidence, or in the alternative, pursuant to Federal Rule of Evidence 404(b), specifically:

  (a) defendant's history of non-compliance with tax reporting and payment obligations before 2013; and

  (b) defendant's use of law firm bank and credit card accounts for personal expenditures before 2014;[1]

(2) to preclude defendant from arguing or presenting evidence regarding possible administrative or civil remedies by the IRS instead of criminal prosecution; and

(3) to preclude defendant from arguing or presenting evidence as to the Government's investigation of defendant for matters not charged in the Superseding Indictment ("the Indictment").

---

[1] The Government provided notice of its intent to introduce the evidence set forth in Categories (1)(a) and (b) to the defendant by letter on March 21, 2019.

I.  **Categories 1(a) and 1(b) are Intrinsic to Some or All of the Offenses Charged in Counts 1 to 5, or in the Alternative, Are Admissible Pursuant to Rule 404(b)**

The evidence described above in subsections 1(a) and 1(b) is intrinsic to the charged tax offenses in the Indictment, or alternatively, satisfies all the requirements for admission under Rule 404(b).

A.  **The Legal Standards**

Rule 404(b) governs the admission of "other crimes, wrongs, and acts." Rule 404(b) does not, however, extend to evidence of uncharged acts that are "intrinsic" to the charged offense. *United States v. Cross*, 308 F.3d 308, 320 (3d Cir. 2002). "If uncharged misconduct directly proves the charged offense, it is not evidence of some 'other' crime." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010). An act is considered "intrinsic," and thus not subject to Rule 404(b), in two circumstances. First, if it directly proves the charged offense. *Id.* at 248. Second, "uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." *Id.* at 249 (internal citation and quotation omitted).

Rule 404(b), on the other hand, provides for the admission of relevant uncharged acts that are not "intrinsic" to the charged offenses. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, this evidence may be admissible for another purpose, such as giving background to the charges, and to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *See Green*, 617 F.3d at 249 (citing *United States v. Simmons*, 679 F.2d 1042, 1050 (3d Cir. 1992)).

To be admissible under Rule 404(b), other acts "must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *Green*, 617 F.3d at 249. Moreover, courts typically consider the first and second factors—the purpose for admitting the "other act" evidence and its relevance—together. *See, e.g., United States v. Givan*, 320 F.3d 452, 460-61 (3d Cir. 2003); *United States v. Vega*, 285 F.3d 256, 261-62 (3d Cir. 2002). When evidence is relevant to a material issue in the case other than the defendant's character, the purpose for admitting it is proper. *Green*, 617 F.3d at 250.

The Government, as the proponent of Rule 404(b) evidence, "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed [the proffered prior act], he therefore is more likely to have committed [the charged offenses]." *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992). "This is not a difficult burden to overcome when the evidence

2

truly is relevant to a proper purpose." *United States v. Moleski*, Crim. No. 12-811, 2014 WL 197907, at *4 (D.N.J. Jan. 13, 2014) (granting Government's motion to admit evidence of defendant's tax filing history).

Under Rule 403, courts may exclude otherwise relevant evidence only when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Advisory Committee Note to Rule 403 states that "'[u]nfair prejudice' within its context means an *undue* tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, 1972 Ad. Comm. Notes (emphasis added). Indeed, the Third Circuit has emphasized that only "*unfair* prejudice is what Rule 403 is meant to guard against, that is, prejudice 'based on something other than [the evidence's] persuasive weight.'" *United States v. Bergrin*, 682 F.3d 261, 279 (3d Cir. 2012) (internal citation omitted) (emphasis in original). Unfair prejudice arises if the evidence is likely to "cause the jury to base its decision on something other than the established propositions in this case." *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (internal citation and quotation omitted).

**B.    The Proffered Evidence is Intrinsic or Admissible Under Rule 404(b)**

*(1)    Defendant's delinquent payment history before 2013*

The Government seeks to introduce evidence that, prior to committing the offenses charged in Counts 1 through 5 of the Indictment, defendant had a history of (1) failing to make timely payments for individual income taxes owed, and (2) failing to account for and pay over payroll taxes on a timely basis. An IRS revenue officer would testify that with respect to payment of defendant's individual income taxes due, for years prior to 2013, defendant filed his Form 1040 tax return on extension without making estimated payment of the taxes due, as required. The witness would further testify that in several of those years the defendant made no tax payment at the time of filing. This was followed by defendant's request for an extension of time to pay from the IRS service center to avoid the filing of any tax liens and required disclosure of his assets to the IRS. An IRS revenue officer also would explain that defendant has been delinquent with respect to accounting for and paying over payroll taxes for his law firm since approximately 1998 and that defendant repeatedly was advised by the IRS of the civil and criminal penalties that could result from continued violations.

With respect to Counts 1 through 5 of the Indictment, the Government must prove that defendant acted willfully. *See* Third Circuit Model Criminal Jury Instructions 6.26.7104 & 6.26.7206; Eighth Circuit Model Criminal Jury Instructions 6.26.7202. That is, the Government must prove that defendant's actions were "a voluntary and intentional violation of a known legal duty" and that he did not act "through negligence, mistake,

3

accident or due to a good faith misunderstanding of the requirements of the law." Third Circuit Model Jury Instructions, 6.26.7201-4. Because defendant's delinquent tax payment history prior to 2013 is probative of the willfulness element (that is, he knew what his tax payment obligations were and/or that he did not comply with them), it is intrinsic to the charged offenses in Counts 1 through 5 and admissible. *See United States v. Aldridge*, 455 F. App'x 589, 594 (6th Cir. 2012) (unpublished) (evidence of continuing noncompliance with tax laws outside of the time of the charged indictment was intrinsic as it was part of the same illegal activity and was probative of willfulness); *United States v. Upton*, 799 F.2d 432, 433 (8th Cir. 1996) (evidence of defendant's "questionable compliance with tax laws, both in the years prior to and subsequent to [the years of the charged conduct] is probative of willfulness. . . ."); *United States v. Scali*, Crim. No. 16-466, 2018 WL 461441, at *5-6 (S.D.N.Y. Jan. 18, 2018) (admitting defendant's prior tax filings and payment history as intrinsic evidence and pursuant to Rule 404(b)). *See generally United States v. Mare*, 668 F.3d 35, 39 (1st Cir. 2012) (evidence that shed light on defendant's state of mind was intrinsic, admissible evidence).

Alternatively, defendant's delinquent income and payroll tax payment history prior to 2013 is admissible under Rule 404(b). The Government does not seek to introduce the evidence to prove defendant's "bad character" or to show propensity. Rather, this evidence is offered for the permissible purpose under Rule 404(b) of proving willfulness and absence of mistake, negligence, and good faith. Furthermore, the chain of inferences from this evidence is clear and relevant to material issues at trial because it shows that defendant had knowledge of the tax filing, reporting, and payment requirements but deliberately failed to comply with them to evade payment of taxes.

In a criminal tax prosecution, it is well settled that a defendant's taxpaying record is admissible pursuant to Rule 404(b) to prove willfulness. *United States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006) (evidence of defendant's prior tax non-compliance spanning nearly 14 years was "admissible and relevant to prove willfulness" in tax evasion prosecution); *see also United States v. Andujar*, 209 F. App'x 162, 170 (3d Cir. 2006) (unpublished) ("[T]he government's introduction of [defendant's] tax filing history [for a period of time not covered by the indictment] to prove willfulness was admitted for a proper purpose and relevant to establishing an element of the crime charged."); *United States v. Popenas*, 780 F.2d 545, 548 (6th Cir. 1985) (finding that it was not an abuse of discretion to admit tax returns from seven prior years because they arguably showed a pattern of under-reporting income, from which the jury might reasonably infer that the charged tax offenses were willful).

Here, the Government must prove willfulness in Counts 1 to 5. Given the critical nature of defendant's state of mind in a prosecution for evading the payment of individual income taxes, filing false tax returns, and failing to pay over payroll taxes, the admission of the proffered evidence in this case is especially warranted, because it is strong evidence of defendant's intent. The substantial history of defendant's non-compliance with respect

4

to his tax payment obligations for both his individual income taxes and payroll taxes (as well as his knowledge of those obligations) demonstrates that defendant's alleged violations of federal tax law as charged in the Indictment were voluntary and intentional violations of a known legal duty and not due to inadvertence, mistake, accident, confusion, or good faith.

### (2) *Defendant's use of law firm bank and credit card accounts for personal expenditures before 2014*

One of the affirmative acts of evasion alleged in the Indictment related to Count 1 is defendant's use of his law firm's bank and credit card accounts to pay personal expenses and obtain cash in order to conceal his income and the existence of funds available to pay his outstanding tax liabilities. Indictment, Count 1, ¶ 5(a). This conduct also is part of the way defendant underreported his income in 2013 and 2014 as alleged in Counts 2 and 3. Various accountants who assisted in preparing defendant's tax returns will testify concerning defendant's pre-2013 use of law firm funds for personal expenses and characterization of numerous withdrawals and payments from the law firm as "shareholder loans," contrary to their advice. Evidence that defendant had engaged in such conduct for several years—despite repeated advice to report more of the monies used for personal expenditures as income—is both intrinsic and admissible under Rule 404(b).

This evidence is intrinsic because it is directly probative of defendant's willful conduct. This evidence shows that defendant was aware that by using law firm monies for personal purposes without classifying those monies as draws, dividends, or other income from the law firm, he was underreporting income. *See United States v. Maga*, 475 F. App'x 538, 544-45 (6th Cir. 2012) (unpublished) (evidence of knowledge of legal duty to file tax returns proven, in part, through evidence that accountant advised defendant that he needed to file tax returns); *United States v. Daniel*, 956 F.2d 540, 542-43 (6th Cir. 1992) (fact that certified public accountants made defendant aware of his responsibilities to file income tax returns was part of evidence deemed sufficient to prove tax evasion). Because this evidence directly proves the offenses charged in Counts 1 to 3 by demonstrating defendant's continued misconduct during the time period charged—in the face of earlier professional advice to do otherwise—it is intrinsic and admissible. *See, e.g., Green*, 617 F.3d 248-49.

This evidence also is admissible under Rule 404(b) to prove defendant's intentional violation of a known legal duty and his consciousness of wrongdoing. For the reasons stated above, it is relevant and not offered to prove propensity. This evidence would become particularly relevant should defendant allege facts in his opening statement or during trial inconsistent with such evidence. *See United States v. Kolodesh*, 787 F.3d 224, 235-36 (3d Cir. 2015) (uncharged acts of fraud admissible under Rule 404(b) to show knowledge of fraud where defendant put knowledge in issue in his opening statement to the jury); *United States v. Lopez*, 340 F.3d 169, 174 (3d Cir. 2003) (evidence may be introduced under Rule 404(b) to rebut an anticipated innocent explanation defense). For

instance, it is possible that the defense will lay the blame for the false classification of the monies that he used from the law firm as shareholder loans and underreporting of such income on the accountant who helped prepare the 2013-2015 tax returns or someone else, other than himself. This evidence rebuts that claim, or, at least, demonstrates that defendant must share responsibility for this part of his tax evasion and false classification of personal expenses and other personal payments that he made or received from the law firm accounts.

### C. There is no Undue Prejudice Here, and Even if There was, a Jury Instruction Could Solve any Concern Over it

The risk of undue prejudice does not substantially outweigh the significant probative value of the evidence set forth in categories 1(a) and 1(b). The evidence listed in categories 1(a) and 1(b) will not suggest to the jury an improper emotional basis for decision. Further, as the Third Circuit observed in *United States v. Blyden*, 964 F.2d 1375, 1378 (3d Cir. 1992):

> [a]ny evidence suggesting guilt is "prejudicial" to a defendant and obviously Rule 403 is not intended to exclude all such matter. Rather, the focus must be on unfairness in the sense that the proponent would secure an advantage that results from the likelihood the evidence would persuade by illegitimate means.

This evidence is not of the type to persuade by illegitimate means. This evidence supports the charges by providing proof of intent and knowledge, absence of mistake, or other innocent explanation. Its admission will not give the Government an unfair advantage by inflaming the jury or proving some prejudicial, irrelevant fact.

Moreover, there is little chance of confusion or irrational decision on the jury's part based on the admission of this evidence, particularly because the jury will be told again and again about what is in issue and, more important, what is not in issue, principally through the Court's jury instructions on how to evaluate 404(b) evidence. *See* Third Circuit Model Jury Instructions, 4.29; *see generally United States v. Gonzalez*, 905 F.3d 165, 198 (3d Cir. 2018) ("We have ruled that the provision of a limiting instruction can alleviate the potential prejudice of evidence admitted over a Rule 403 objection."). Jurors are presumed to follow these cautionary instructions. *Shannon v. United States*, 512 U.S. 573, 585 (1994). *See also Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983) (limiting instruction regarding purposes for which evidence of prior convictions may be used). The Third Circuit has held on more than one occasion that where the jury is instructed that it may only consider "other act" evidence for the limited purpose for which it is admitted, the danger of prejudice to defendant resulting from the admission of such evidence is scant. *See, e.g., Givan*, 320 F.3d at 461-62; *Vega*, 285 F.3d at 264; *United States v. Saada*, 212 F.3d 210, 224 (3d Cir. 2000). In this case, the Court should instruct the members of the jury about the proper use of the Rule 404(b) evidence at the appropriate time during trial,

6

and also again in its final instructions. The Court therefore can easily take care to blunt any arguable prejudice through this jury instruction. Hence, this evidence also should be admissible under Rule 404(b).

## II. Defendant Should Be Precluded from Arguing or Presenting Evidence as to Possible Administrative or Civil Remedies by the IRS Instead of Criminal Prosecution

The Government anticipates that defendant may attempt to argue that the IRS should have used administrative and civil remedies to address defendant's unpaid tax liabilities, rather than criminal prosecution. Indications of this have come from defendant's proffers of anticipated testimony in the defense case and from arguments at pretrial proceedings, including last Friday's proceeding (*see* March 22, 2019 Transcript, at 47-48). For instance, on March 8, 2019, defendant notified the Government of his intent to call Richard V. Beeferman, CPA, as a hybrid lay/expert witness at trial. Defendant's notice stated that, among other topics, that he intends to have Beeferman testify concerning:

> The procedures, devices, and methods available to the IRS for the collection of delinquent taxes ("Collection Procedures"), including (i) the manner in which the IRS typically employs those Collection Procedures; (ii) the extent to which the IRS used those Collection Procedures with respect to the taxes alleged in the Superseding Indictment to be delinquent; and (iii) Beeferman's conclusion that the IRS could have collected all of Gilmore's allegedly delinquent taxes had it promptly and properly employed the Collection Procedures available to it.

*See* March 8, 2019 letter (attached as Exhibit 1).

Defendant should be precluded from advancing any argument at trial, either through a jury address, cross examination, or direct examination of Beeferman or any other witness, that the IRS could have, or should have, resolved this case using administrative or civil remedies, rather than criminal prosecution. The existence of civil tax procedures and remedies, and the decision to use or forego these procedures and remedies, is "irrelevant to the issue of criminal liability" and defendant should not be entitled to present such an argument to the jury or obtain a jury instruction so informing the jury. *See United States v. DeMuro*, 677 F.3d 550, 565 (3d Cir. 2012) (*citing United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980)). Simply put, IRS collection procedures have no relevance in determining the issue of whether defendant "willfully attempted to evade and defeat the payment of" taxes, interest and penalties. *See* Superseding Indictment, Count 1, ¶ 5). It is defendant's conduct that counts. *See, e.g., United States v. Parker*, 720 F. App'x 684, 689-90 (4th Cir. 2018) (unpublished) (in false filing case, district court did not abuse its discretion in excluding defendant's proffered evidence regarding IRS internal procedures

because the IRS's ability to determine whether a tax return was false was not relevant to whether defendant knew or was willfully blind that a return was false).

Multiple other circuits have similarly held that the Government is not required to pursue or complete civil administrative or judicial proceedings prior to instituting criminal tax proceedings. *See United States v. Ellett*, 527 F.3d 38, 40-41 (2d Cir. 2008) ("We join the First, Sixth, Seventh and Ninth Circuits in holding that due process does not require the government to adjudicate tax disputes civilly or administratively before proceeding to criminal prosecution for tax evasion.") (citing *Daniel*, 956 F.2d at 542, *United States v. Hogan*, 861 F.2d 312, 315-16 (1st Cir. 1988), *United States v. Dack*, 747 F.2d 1172, 1174-75 (7th Cir. 1984) (per curiam), and *United States v. Voorhies*, 658 F.2d 710, 715 (9th Cir. 1981)); *see also Buras,* 633 F.2d at 1360 (the availability of a civil remedy is irrelevant to the issue of criminal tax liability); *United States v. Burkhart*, 501 F.2d 993, 996 (6th Cir. 1974) ("The matter of civil liability is not an issue when a jury is determining a defendant's criminal liability for tax evasion."); *United States v. Merrick*, 464 F.2d 1087, 1093 (10th Cir. 1972) (affirming a district court's refusal to instruct the jury "that a civil case might be brought against the defendant to recover unpaid taxes, interest and penalties" because there is "no relevance in such an instruction").

Any defense argument that this case could have been resolved civilly or administratively also would be an open invitation to the jury to nullify, a practice which has been eschewed in tax prosecutions. *See DeMuro*, 677 F.3d at 565; *United States v. Wiley*, 503 F.2d 106, 107 (8th Cir. 1974). *DeMuro* is particularly instructive on this point. There, defendants attempted to examine an IRS revenue officer about, among other things, that the IRS discontinued its civil case involving defendants by ceasing negotiations and referring the case for criminal prosecution. Defendants contended that exclusion of this evidence left the jury to speculate that defendants chose to stop negotiating with the IRS, which, they believed undermined their lack-of-willfulness defense. The trial court excluded this evidence because it invited the jury to reason that the IRS should have continued to pursue their matter civilly, rather than criminally and, thus, invited jury nullification. *Id.* at 565. On appeal, defendants conceded the undeniable—that this evidence would have opened the door to jury nullification. *Id.* The Third Circuit concluded that it was not an abuse of discretion for the trial court to find that the concern over jury nullification outweighed the risk that the lack of this evidence would give rise to a speculative negative inference. *Id.* For similar reasons, the Court should preclude defendant from arguing or presenting evidence as to the availability of various IRS administrative and civil remedies and/or that the IRS did not exhaust administrative and civil remedies.

### III. Defendant Should be Precluded from Arguing or Presenting Evidence as to the Government's Investigation of Possible Other Criminal Offenses

Similarly, defendant should be precluded from advancing any argument at trial that the Government selected him for criminal prosecution for tax violations because it purportedly could not identify other federal criminal offenses to charge him with. During the status conference on March 26, 2019, defendant's counsel, who repeatedly alluded to this contention in pretrial proceedings in this case, indicated that he would not advance such argument at trial. To the extent that he does, such argument would be totally inappropriate for defendant to advance to a jury. *See United States v. Berrigan*, 482 F.2d 171 (3d Cir. 1973); *see also United States v. Dufresne*, 58 Fed.App'x 890, 895 (3d Cir. 2003) (unpublished) (a claim of vindictive prosecution is not permissible argument to a jury). Accordingly, the Court should bar defendant from advancing this type of argument (or related argument about the Government's purported motivation) to the jury.

### CONCLUSION

The Court should admit the evidence summarized in Categories 1(a) and 1(b) above as intrinsic or under Rule 404(b). The Court also should preclude defendant from arguing or presenting evidence to the jury (1) about possible IRS administrative or civil remedies in lieu of prosecution and (2) relating to the Government's investigation of other offenses.

Respectfully submitted,

RACHAEL A. HONIG
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

By: */s/ Matthew J. Skahill*
*/s/ Jihee G. Suh*
MATTHEW J. SKAHILL
JIHEE G. SUH
Assistant United States Attorneys

*/s/ Thomas F. Koelbl*
THOMAS F. KOELBL
Trial Attorney
U.S. Department of Justice – Tax Division

cc: Kevin H. Marino, Esq.

# EXHIBIT 1

## MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE

ROSEANN BASSLER DAL PRA*
EREZ J. DAVY*

PHILLIP S. PAVLICK

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

888 SEVENTH AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10019
TELEPHONE (212) 307-3700
FAX (212) 262-0050
e-mail: kmarino@khmarino.com
*OF COUNSEL

March 8, 2019

**VIA EMAIL AND FEDERAL EXPRESS**

Matthew J. Skahill
Attorney in Charge, Camden Branch
U.S. Attorney's Office
District of New Jersey
401 Market Street, 4th Floor
Camden, New Jersey 08101-2098

Jihee G. Suh
Assistant United States Attorney
U.S. Attorney's Office
District of New Jersey
970 Broad Street
Newark, New Jersey 07102

Re: *United States v. George Gilmore*
Crim. No. 19-029 (AET)

Dear Matt and Jihee:

Defendant, George Gilmore ("Gilmore"), hereby provides notice of his intention to call Richard V. Beeferman, CPA ("Beeferman"), of the accounting firm Beeferman Huber LLC, as a hybrid lay/expert witness at trial. A copy of Beeferman's curriculum vitae is attached as Exhibit A.

### TOPICS

The topics on which Beeferman may provide testimony and evidence include:

(a) The accounting systems and procedures used by Gilmore and the entities owned, in whole or part, by him (the "Gilmore Entities"), including Gilmore & Monahan, P.A. ("G&M");

(b) The tax code requirements for reporting personal and business income, the tax filing requirements for individuals and entities, and the IRS rules and regulations regarding false reporting of income (collectively, "Tax Rules and Regulations");

(c) Beeferman's conclusions, based on his review and analysis of the tax returns and other relevant records of Gilmore and the Gilmore Entities, that (i) Gilmore complied with relevant Tax Reporting Rules and Regulations during the relevant time period; (ii) any and all shareholder loans from G&M to Gilmore were not income for tax purposes, but rather bona fide loans; (iii) Gilmore and G&M properly accounted for and documented, both in G&M's records and in the appropriate tax returns, Gilmore's use of G&M's bank and credit card accounts for personal expenses; and (iv) Gilmore did not file false tax returns for calendar years 2013 and 2014;

(d) The procedures, devices, and methods available to the IRS for the collection of delinquent taxes ("Collection Procedures"), including (i) the manner in which the IRS typically employs those Collection Procedures; (ii) the extent to which the IRS used those Collection Procedures with respect to the taxes alleged in the Superseding Indictment to be delinquent;

**MARINO, TORTORELLA & BOYLE, P.C.**
ATTORNEYS AT LAW

Matthew J. Skahill, AUSA
Jihee G. Suh, AUSA
March 8, 2019—Page 2

and (iii) Beeferman's conclusion that the IRS could have collected all of Gilmore's allegedly delinquent taxes had it promptly and properly employed the Collection Procedures available to it;

(e) The absence of any tax losses for calendar years 2013, 2014 and 2015 resulting from any action or inaction by Gilmore, including the alleged affirmative acts of evasion of tax payments set forth in the Superseding Indictment;

(f) The requirements for collecting, accounting for, and paying over payroll taxes, and the absence of any willful failure by Gilmore to comply with, or willfully attempt to avoid, those requirements;

(g) Gilmore's personal expenditures during calendar years 2013, 2014, and 2015 that are not described in the Superseding Indictment.

Gilmore reserves the right to modify or add to the topics on which Beeferman may testify at trial.

## DOCUMENTS

The documents of George & Joanne Gilmore and all Gilmore entities on which Beeferman will rely include:

Tax returns, including but not limited to individual, corporate, partnership and payroll;

Books and records, including but not limited to general ledgers, accounting software and other books of original entry;

Invoices and Bills;

Bank records, including but not limited to bank statements, cancelled checks, deposit slips;

Retirement account statements;

Loan application documents;

Loan documents;

Mortgages;

Correspondence and communications, including but not limited to emails and letters;

Discovery provided by the Government;

Internal Revenue Code;

Documents on IRS.GOV;

Tax research and cases (i.e., BNA, Ria Checkpoint);

Documents produced by defendant to the Government;

**MARINO, TORTORELLA & BOYLE, P.C.**
ATTORNEYS AT LAW

Matthew J. Skahill, AUSA
Jihee G. Suh, AUSA
March 8, 2019—Page 3

Prior CPA firm work papers journal entries and other correspondence;

Credit Card Statements;

Bills and expenses of the defendant;

Appraisals;

Assets; and

Liabilities.

To the extent any of these documents are not already in the Government's possession, they will be produced by March 14, 2019. If you have any questions, please call me. Thank you.

Very truly yours,

Kevin H. Marino

cc: Richard V. Beeferman, CPA
John D. Tortorella, Esq.
John A. Boyle, Esq.