UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Anne E. Thompson |
| | : | |
| v. | : | |
| | : | |
| GEORGE GILMORE | : | Crim. No. 19-029 (AET) |

---

## GOVERNMENT'S REQUESTS TO CHARGE

---

RACHAEL A. HONIG
Attorney for the United States
Acting Under Authority Conferred by 28
U.S.C. § 515
970 Broad Street
Newark, New Jersey 07102

On the Requests:

MATTHEW J. SKAHILL
JIHEE G. SUH
Assistant U.S. Attorneys

THOMAS F. KOELBL
Trial Attorney, Tax Division
U.S. Department of Justice

TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REQUEST NO. 1  ROLE OF JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REQUEST NO. 2  EVIDENCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

REQUEST NO. 3  DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . 7

REQUEST NO. 4  PRESUMPTION OF INNOCENCE; BURDEN OF PROOF;
                REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

REQUEST NO. 5  SUMMARY OF THE INDICTMENT . . . . . . . . . . . . . . . . . . . . . . . 11

REQUEST NO. 6  SEPARATE CONSIDERATION – SINGLE DEFENDANT
                CHARGED WITH MULTIPLE OFFENSES . . . . . . . . . . . . . . . . 13

REQUEST NO. 7  ELEMENTS OF THE OFFENSE CHARGED – INCOME TAX
                EVASION (26 U.S.C. § 7201). . . . . . . . . . . . . . . . . . . . . . . . . . . 14

REQUEST NO. 8  TAX EVASION – TAX DEFICIENCY DEFINED . . . . . . . . . . . . . . . 15

REQUEST NO. 9  TAX EVASION – AFFIRMATIVE ATTEMPT TO EVADE OR
                DEFEAT DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

REQUEST NO. 10  TAX EVASION – WILLFULLY DEFINED. . . . . . . . . . . . . . . . . . . . 18

REQUEST NO. 11  ELEMENTS OF THE OFFENSE CHARGED – FALSE
                 INCOME TAX RETURN (26 U.S.C. § 7206(1)) . . . . . . . . . . . . . 19

REQUEST NO. 12  FALSE INCOME TAX RETURN – MAKING OR
                 SUBSCRIBING DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

REQUEST NO. 13  FALSE INCOME TAX RETURN – RETURN MADE UNDER
                 PENALTIES OF PERJURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

REQUEST NO. 14  FALSE INCOME TAX RETURN – RETURN WAS
                 MATERIALLY FALSE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

REQUEST NO. 15  FALSE INCOME TAX RETURN – DEFENDANT'S
                 KNOWLEDGE OF FALSITY . . . . . . . . . . . . . . . . . . . . . . . . . 23

REQUEST NO. 16  FALSE INCOME TAX RETURN – WILLFULLY DEFINED . . . . . . . 24

REQUEST NO. 17  ELEMENTS OF THE OFFENSE CHARGED – FAILURE TO
                 COLLECT, ACCOUNT FOR, AND PAY OVER
                 PAYROLL TAX (26 U.S.C. § 7202) . . . . . . . . . . . . . . . . . . . . . 25

REQUEST NO. 18  ELEMENTS OF THE OFFENSE CHARGED – FALSE
STATEMENT IN A LOAN APPLICATION (18 U.S.C. §
1014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

REQUEST NO. 19  FALSE STATEMENT IN A LOAN APPLICATION –
DEFENDANT MADE FALSE STATEMENT . . . . . . . . . . . . . . . 29

REQUEST NO. 20  FALSE STATEMENT IN A LOAN APPLICATION –
STATEMENT KNOWINGLY MADE . . . . . . . . . . . . . . . . . . . 31

REQUEST NO. 21  FALSE STATEMENTS IN A LOAN APPLICATION –
PURPOSE OF THE STATEMENT . . . . . . . . . . . . . . . . . . . . . 32

REQUEST NO. 22  FALSE STATEMENTS IN A LOAN APPLICATION – BANK
DEPOSITS WERE FEDERALLY INSURED . . . . . . . . . . . . . . 33

REQUEST NO. 23  AIDING AND ABETTING . . . . . . . . . . . . . . . . . . . . . . . . . . 34

REQUEST NO. 24  KNOWINGLY, WILLFULLY AND INTENTIONALLY . . . . . . . . . . 36

REQUEST NO. 25  PROOF OF REQUIRED STATE OF MIND . . . . . . . . . . . . . . . . . 37

REQUEST NO. 26  MOTIVE EXPLAINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

REQUEST NO. 27  PERSONS NOT ON TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . 39

REQUEST NO. 28  INTERVIEWS BY COUNSEL AND THEIR
REPRESENTATIVES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

REQUEST NO. 29  STIPULATIONS (IF APPLICABLE) . . . . . . . . . . . . . . . . . . . . 41

REQUEST NO. 30  ON OR IN OR ABOUT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

REQUEST NO. 31  USE OF THE CONJUNCTIVE IN THE INDICTMENT . . . . . . . . . . 43

REQUEST NO. 32  SUMMARY ADMITTED IN EVIDENCE (IF APPLICABLE) . . . . . . 44

REQUEST NO. 33  SUMMARY CHARTS NOT ADMITTED IN EVIDENCE (IF
APPLICABLE) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

REQUEST NO. 34  AUDIO RECORDINGS (IF APPLICABLE) . . . . . . . . . . . . . . . . 46

REQUEST NO. 35  AUDIO RECORDINGS - TRANSCRIPTS (IF APPLICABLE) . . . . . . 47

REQUEST NO. 36  CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . 48

REQUEST NO. 37  CREDIBILITY OF WITNESSES – LAW ENFORCEMENT
OFFICERS  (IF APPLICABLE) . . . . . . . . . . . . . . . . . . . . . . . 50

REQUEST NO. 38   NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED . . . . . . . 51

REQUEST NO. 39  EXPERT TESTIMONY (IF APPLICABLE) . . . . . . . . . . . . . . . . . 52

REQUEST NO. 40  IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT
(IF APPLICABLE) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

REQUEST NO. 41  IMPEACHMENT OF WITNESS – PRIOR BAD ACTS (IF
APPLICABLE) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

REQUEST NO. 42  ELECTION OF DEFENDANT NOT TO TESTIFY (IF
APPLICABLE) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

REQUEST NO. 43  DEFENDANT'S TESTIMONY (IF APPLICABLE)  . . . . . . . . . . . . 56

REQUEST NO. 44  DEFENDANT'S PRIOR BAD ACTS (IF APPLICABLE) . . . . . . . . . 57

REQUEST NO. 45  NUMBER OF WITNESSES CALLED AND INVESTIGATIVE
TECHNIQUES USED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

REQUEST NO. 46  DELIBERATIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

REQUEST NO. 47  VERDICT FORM  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

## PRELIMINARY STATEMENT

The United States submits these requests to charge regarding general matters of law, the essential elements of the crimes charged in the Superseding Indictment ("the Indictment"), and certain matters of evidence relevant to this case.  In addition, the United States respectfully requests that the Court instruct the jury as to other general matters in accordance with the Court's customary practice.  Finally, the United States respectfully requests leave of the Court to submit additional requests to charge should such submission be warranted by subsequent developments in the trial.

REQUEST NO. 1

ROLE OF JURY

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.  That is your job and yours alone.  I play no part in finding the facts.  You should not take anything that I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.  My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them.  You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any

information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession or position in the community.[1]

---

[1] Third Circuit Model Criminal Jury Instructions, 3.01.

REQUEST NO. 2

EVIDENCE

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The Indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence

was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your

decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.[2]

---

[2]  Third Circuit Model Criminal Jury Instructions, 3.02.

## REQUEST NO. 3

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The Government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.[3]

---

[3]  Third Circuit Model Criminal Jury Instructions, 3.03.

REQUEST NO. 4

PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

The defendant has pleaded not guilty to the offenses charged.  A defendant is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with the defendant unless and until the Government has presented evidence that overcomes that presumption by convincing you that he is guilty of the offense charged in a particular count of the Indictment beyond a reasonable doubt.  The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt with respect to that particular count of the Indictment.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the Government to prove the defendant is guilty and this burden stays with the Government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the Government must convince you that the defendant is guilty beyond a reasonable doubt.  That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt.  The defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt with respect to that particular count of the Indictment.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense,

9

or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of an offense charged beyond a reasonable doubt, then you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty for that particular offense.[4]

---

[4]  Third Circuit Model Criminal Jury Instructions, 3.06.

## REQUEST NO. 5

## SUMMARY OF THE INDICTMENT

The charges against the defendant are contained in the Indictment, which contains six counts. Count 1 charges the defendant with willfully attempting to evade and defeat the payment of the substantial income tax, interest, and penalties due and owing by him and his spouse to the IRS for calendar years 2013, 2014, and 2015, in violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

Counts 2 and 3 charge that the defendant willfully made and subscribed U.S. Individual Tax Returns, Forms 1040, for the calendar years 2013 and 2014, each of which is alleged to have been verified by a written declaration made under the penalty of perjury, and it is alleged that the defendant did not believe every material matter contained in those tax returns to be true and correct, in violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

Counts 4 and 5 charge that the defendant willfully failed to truthfully account for and pay over to the IRS all of the payroll taxes due and owing to the United States on behalf of Gilmore & Monahan, P.A., and its employees, for the tax quarters ending March 31, 2016 and June 30, 2016, in violation of Title 26, United States Code, Section 7202 and Title 18, United States Code, Section 2.

Count 6 charges that the defendant knowingly made false statements for the purpose of influencing the actions of a bank upon his application for a mortgage loan, in violation of Title 18, United States Code, Section 1014 and Section 2.

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description

of the charges against the defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.[5]

---

[5] Third Circuit Model Criminal Jury Instructions, 3.07.

## REQUEST NO. 6

## SEPARATE CONSIDERATION – SINGLE DEFENDANT CHARGED WITH MULTIPLE OFFENSES

The defendant is charged with more than one offense; each offense is charged in a separate count of the Indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately.[6]

---

[6] Third Circuit Model Criminal Jury Instructions, 3.12.

13

REQUEST NO. 7

ELEMENTS OF THE OFFENSE CHARGED – INCOME TAX EVASION (26 U.S.C. § 7201)

Count 1 of the Indictment charges the defendant with income tax evasion for the years 2013, 2014, and 2015, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That the defendant had a substantial income tax deficiency;

Second: That the defendant made an affirmative attempt to evade or defeat the payment of the income tax; and

Third: That the defendant acted willfully.[7]

What I have just told you is only a preliminary outline of the elements of the offenses charged.  I will go into more detail of the elements of the offenses charged in a moment.

---

[7] Third Circuit Model Criminal Jury Instructions, 6.26.7201.

REQUEST NO. 8

TAX EVASION – TAX DEFICIENCY DEFINED

The first element that the government must prove beyond a reasonable doubt is that the defendant had a substantial tax deficiency due and owing, that is, that the defendant owed substantially more federal income tax than he paid for the years 2013, 2014, and 2015.

The government does not have to prove the exact amount that the defendant owed or that he evaded all of the taxes charged in the Indictment.  The government is required to establish only that the defendant owed a substantial amount of income tax during the years in question, regardless whether it is more or less than the amount set forth in the indictment.[8]

---

[8] Third Circuit Model Criminal Jury Instructions, 6.26.7201-1.

15

REQUEST NO. 9

<u>TAX EVASION – AFFIRMATIVE ATTEMPT TO EVADE OR DEFEAT DEFINED</u>

The second element that the government must prove beyond a reasonable doubt is that the defendant made an affirmative attempt to evade or defeat a tax.  The phrase "attempt to evade or defeat any tax" involves two things: first, the formation of an intent to evade or defeat a tax; and, second, willfully performing some act to accomplish the intent to evade or defeat that tax.

The government must first prove beyond a reasonable doubt that the defendant knew and understood that for the calendar years 2013, 2014, and 2015, he had a tax deficiency.  The government then must prove beyond a reasonable doubt that the defendant intended to evade or defeat the tax due and that the defendant also willfully did some affirmative act to try to accomplish this intent to evade or defeat that tax.

An affirmative act is anything done to mislead the government or conceal funds to avoid payment of an admitted tax deficiency.  The affirmative act requirement can be met by the concealment of the taxpayer's ability to pay his taxes or the removal of assets from the reach of the Internal Revenue Service, and/or any conduct the likely effect of which would be to mislead the Internal Revenue Service or conceal income.  In this case, the government alleges in the indictment that the defendant committed affirmative acts of tax evasion by:

      a.      concealing his income and the existence of funds available to pay his outstanding tax liabilities by using his law firm bank and credit card accounts to pay for personal expenses and by using his law firm bank accounts to obtain cash;

      b.      falsely classifying income that he received from the law firm as "shareholder loans";

      c.      submitting a $493,526 check to the IRS for payment of his tax liability for

16

calendar year 2013 drawn from a personal bank account with insufficient funds;

   d.  making misrepresentations to the IRS, including false and misleading statements concerning his ability to pay and assurances of payment; and

   e.  filing false tax returns that materially understated the true amount of income that he received.

Even otherwise lawful or innocent conduct may constitute an affirmative act if you find that the defendant acted with intent to conceal income or mislead the government.  An act likely to mislead the government or conceal funds satisfies this element.

The government needs only to prove one act to satisfy this element of the offense, but you must unanimously agree on which acts or acts were committed.[9]

---

[9] *See* Third Circuit Model Criminal Jury Instructions, 6.26.7201-3 modified to included language concerning evasion of payment from *United States v. McGill*, 964 F.2d 222 (3d Cir. 1992), as amended (May 19, 1992), as amended (June 24,1992) (citing, *Spies v. United States*, 317 U.S. 492, 499 (1943).

REQUEST NO. 10

TAX EVASION – WILLFULLY DEFINED

The third element the government must prove beyond a reasonable doubt is that the defendant acted willfully.  "Willfully" means a voluntary and intentional violation of a known legal duty.  The defendant's conduct was not willful if he acted through negligence, mistake, accident, or due to a good faith misunderstanding of the requirements of the law.  A good faith belief is one that is honestly and genuinely held.

This definition of "willfulness" applies to all of the tax offenses charged in this case, in other words, Counts 1 to 5.[10]

---

[10] Third Circuit Model Criminal Jury Instructions, 6.26.7201-4.

18

REQUEST NO. 11

ELEMENTS OF THE OFFENSE CHARGED – FALSE INCOME TAX RETURN (26 U.S.C. § 7206(1))

Counts 2 and 3 of the Indictment charge the defendant with making and subscribing false tax returns for the years 2013 and 2014, which are violations of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following five elements beyond a reasonable doubt:

First: That defendant made and subscribed and filed an income tax return;

Second: That the tax return contained a written declaration that it was made under the penalties of perjury;

Third: That the return was false regarding a material matter;

Fourth: That defendant did not believe the return was true and correct as to that material matter; and

Fifth: That defendant acted willfully.[11]

---

[11] Third Circuit Model Criminal Jury Instructions, 6.26.7206.

19

## REQUEST NO. 12

### FALSE INCOME TAX RETURN – MAKING OR SUBSCRIBING DEFINED

The first element that the government must prove beyond a reasonable doubt is that the defendant made and subscribed and filed a tax return.

A tax return is made and subscribed to at the time it is signed.  A tax return is filed at the time it is delivered to the Internal Revenue Service.[12]

---

[12] Third Circuit Model Criminal Jury Instructions, 6.26.7206-1.

## REQUEST NO. 13

### FALSE INCOME TAX RETURN – RETURN MADE UNDER PENALTIES OF PERJURY

The second element that the government must prove beyond a reasonable doubt is that the return contained a written declaration that it was made under penalty of perjury.

To satisfy this element, the government must prove that on its face the return contained a statement indicating that the return was made under penalty of perjury.[13]

---

[13] Third Circuit Model Criminal Jury Instructions, 6.26.7206-2.

## REQUEST NO. 14

## FALSE INCOME TAX RETURN – RETURN WAS MATERIALLY FALSE

The third element that the government must prove beyond a reasonable doubt is that the return was false regarding a material matter.

An income tax return may be false not only by reason of understatement of income, but also because of an overstatement of lawful deductions or because deductible expenses are mischaracterized on the return.

The false statement in the return must be material.  This means that it must be essential to an accurate determination of the defendant's tax liability.  However, the government does not need to prove the existence of a tax deficiency or loss to the government.[14]

---

[14] Third Circuit Model Criminal Jury Instructions, 6.26.7206-3.

22

REQUEST NO. 15

FALSE INCOME TAX RETURN – DEFENDANT'S KNOWLEDGE OF FALSITY

The fourth element that the government must prove beyond a reasonable doubt is that the defendant did not believe the return was true and correct as to that material matter.

Whether the defendant did not believe the return to be true and correct as to that material matter may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.[15]

---

[15] Third Circuit Model Criminal Jury Instructions, 6.26.7206-4.

## REQUEST NO. 16

### FALSE INCOME TAX RETURN – WILLFULLY DEFINED

The fifth element that the government must prove beyond a reasonable doubt is that the defendant acted willfully.  I have previously defined that term for you.

REQUEST NO. 17

## ELEMENTS OF THE OFFENSE CHARGED – FAILURE TO COLLECT, ACCOUNT FOR, AND PAY OVER PAYROLL TAX (26 U.S.C. § 7202)

Counts 4 and 5 of the Indictment charge the defendant with willful failure to account for, and pay over payroll taxes.  In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

One:  That the defendant had a duty to account truthfully for, or pay over payroll tax;

Two:  The defendant knew he had a duty to account truthfully for, or pay over payroll tax; and

Three:  The defendant willfully failed to account truthfully for, or pay over payroll tax.

"Payroll tax" means an income tax, a Social Security tax, and a Medicare (or hospital insurance) tax equal to a percentage of the wages earned by an employee.

To have a "duty" with respect to payroll taxes means the defendant was a person responsible for accounting truthfully for, or paying over payroll taxes.  A person with such responsibility is a person who has significant, although not necessarily exclusive or final, control or authority over the employer's finances or disbursement of the employer's funds.  There may be more than one such responsible person associated with an employer.  Moreover, such a person includes a person who has delegated his control or authority with respect to payroll taxes to another person.

The term "employer" means a person or corporation for whom an individual performed a service, of whatever nature, and the person or corporation who controlled the payment of compensation.  The term "employee" means a person performing a service, of whatever nature, for the payment of compensation. "Employee" can include an officer of a corporation.

Every employer, through one or more responsible persons, is required to account

truthfully for payroll taxes.  In particular, within one month of the close of each calendar quarter, every employer is required to file with the Internal Revenue Service a Form 941, Employer's Federal Quarterly Tax Return, accounting truthfully for the employer's collection of payroll taxes for that quarter.

Every employer, through one or more responsible persons, is required to pay over to the Internal Revenue Service the payroll taxes that the employer has collected. The payroll taxes are to be paid over on or before the date the Form 941 is due.

I have already defined for you what it means to act "willfully." [16]  That term applies here, as well.

---

[16]  Eighth Circuit Model Criminal Jury Instructions, 6.26.7202 (2019) (modified)

REQUEST NO. 18

ELEMENTS OF THE OFFENSE CHARGED – FALSE STATEMENT IN A LOAN
APPLICATION (18 U.S.C. § 1014)

Count 6 of the Indictment charges the defendant with making false statements to Ocean

First Bank, N.A., for the purpose of influencing the actions of the bank upon his application for a

mortgage loan.

The essence of the crime is the making of a false statement in an application for a loan for

the purpose of influencing in any way the action of the bank from which the loan is sought.  It is

not dependent upon the accomplishment of that purpose.

The law focuses on the application and the statements contained therein.  Thus, it requires

that such statements that have the capacity of influencing in any way the action of the bank be

accurate.

The statute does not require proof that the bank's officials relied upon the allegedly false

statements.  It has nothing whatsoever to do with defrauding the bank or whether or not the bank

is actually defrauded.  Similarly, the statute has nothing to do with defrauding the government.

Thus, it is of no consequence whether or not the application was granted, or, if granted, whether

the bank suffered no loss.  The fact that no pecuniary losses may have been sustained by the

bank is not relevant under this law.

In order to find the defendant guilty of this offense, you must find that the government

proved each of the following four elements beyond a reasonable doubt:

First: That the defendant made or caused to be made a false statement or report relating to

an application to a bank for a loan;

Second: That the defendant acted knowingly;

Third: That the false statement or report was made for the purpose of influencing in any way the bank's action on the loan application; and

Fourth: That the bank was then insured by the Federal Deposit Insurance Corporation.[17]

---

[17] 2 Modern Federal Jury Instructions-Criminal 37-16 – 37-17 (2018).

REQUEST NO. 19

## FALSE STATEMENT IN A LOAN APPLICATION – DEFENDANT MADE FALSE STATEMENT

The first element that the government must prove beyond a reasonable doubt is that the defendant made or caused to be made a false statement or report relating to an application to a bank for a loan.

The first thing that the government must prove to satisfy this element is that an application was made to the bank. This requires that an application sufficient for the bank to act on was made. Thus, if the bank accepted oral applications, then an oral application would be sufficient. If the bank required a written application, then that would be sufficient, but an oral application would not be. And if a signed application is required, then an unsigned application would not be sufficient.

The second part of this element that the government must prove is that a false statement was made relating to the application.

It is not necessary for the government to prove that the defendant personally made or physically wrote the statement. It is sufficient to satisfy this element if the government proves that the defendant caused the statement to be made by a third party and if the statement was untrue when made.

The last part of this element is that the statement was false. A statement is false if it was untrue when made.

If you find that the defendant did not make the statement or cause it to be made or if you find that the statement was not false–or if you have a reasonable doubt as to this element–then it is your duty to acquit.[18]

---

[18] *See* 2 Modern Federal Jury Instructions-Criminal 37-18 (2018).

REQUEST NO. 20

FALSE STATEMENT IN A LOAN APPLICATION – STATEMENT KNOWINGLY MADE

The second element that the government must prove beyond a reasonable doubt is that the defendant "knowingly" made the statement that you found to be false.

It is not a crime to make a false statement inadvertently or negligently.  Thus, before you can find that the government has established the second element, that the defendant acted knowingly, you must be satisfied beyond a reasonable doubt that the defendant, in making or causing the statement to be made, acted deliberately, intentionally, and understandingly; that is, that he knew what he was doing; that he knew the statement was false at the time it was made.[19]

---

[19] 2 Modern Federal Jury Instructions-Criminal 37-19 (2018).

REQUEST NO. 21

FALSE STATEMENTS IN A LOAN APPLICATION – PURPOSE OF THE STATEMENT

The third element the government must establish is that the defendant made or caused such false statement to be made "for the purpose of influencing in any way" the bank's action.

The quoted words almost define themselves. The emphasis of the statute is upon the person making the false statement. Thus, to act "for the purpose of influencing" the bank means that the person making the false statement intended that the bank take action based on that statement.

The government is not required to prove that the bank actually relied upon the alleged false statement.[20]

---

[20] 2 Modern Federal Jury Instructions-Criminal 37-20 (2018).

REQUEST NO. 22

FALSE STATEMENTS IN A LOAN APPLICATION – BANK DEPOSITS WERE
FEDERALLY INSURED

The fourth element that the government must prove beyond a reasonable doubt is that the false statement was made in connection with a loan application to a bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

(When stipulation has been entered: As to this issue, that the application containing the false statement or report was made to a bank the deposits of which were then insured by the Federal Deposit Insurance Corporation, there is no controversy, since a stipulation was entered into that was read to you during the trial that the deposits of the bank in question were then insured by the Federal Deposit Insurance Corporation.)

I instruct you that it is not necessary for the government to prove that the defendant knew that the bank to which the loan application was submitted was insured by the Federal Deposit Insurance Corporation. It is also not necessary that the defendant make the statement directly to the insured institution. Rather, the proof need only show that the defendant knew it was a bank that he intended to influence.[21]

---

[21] 2 Modern Federal Jury Instructions-Criminal 37-21 (2018).

33

REQUEST NO. 23

AIDING AND ABETTING

All of the counts in the Indictment charge the defendant with aiding and abetting the

crimes charged in those counts, in violation of Title 18, United States Code, Section 2.  That

particular section of federal law provides:

> Whoever commits an offense against the United States, or aids,
> abets, counsels, commands, induces or procures its commission, is
> punishable as a principal.
>
> Whoever willfully causes an act to be done, which if directly
> performed by him or another would be an offense against the United
> States, is punishable as a principal.

Thus, under Section 2, every person who willfully participates in the commission of a

crime may be found to be guilty of that offense even if he himself did not perform all of the acts

necessary to constitute the crime.  A defendant "willfully participates" if he intentionally seeks,

by some act or failure to act, to make the criminal venture succeed, notwithstanding the fact that

others perform some of the conduct constituting the offense.

To find the defendant guilty of aiding and abetting the offenses charged, the Government

must prove beyond a reasonable doubt that the defendant (1) knew of the commission of the

particular offense, and (2) willfully acted with the intent to facilitate it.  To aid and abet the

commission of a criminal offense, the defendant must do more than merely associate with an

individual involved in a criminal venture.  For instance, mere presence at the scene of the crime

even in the company of one or more of the principal wrongdoers does not alone make one an

aider and abettor, unless the Government has proven beyond a reasonable doubt that the

defendant knowingly did something to forward the crime and that the defendant was a

34

participant, rather than merely a knowing spectator.  Of course, you may not find the defendant guilty of aiding and abetting unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed and that the defendant willfully participated in its commission.[22]

---

[22] *See United States v. Margiotta*, 688 F.2d 108, 131-32 (2d Cir. 1982)(*citing United States v. Bryan*, 483 F.2d 88, 92 (3d Cir. 1973) (*en banc*) and *United States v. DeCavalcante*, 440 F.2d 1264, 1268 (3d Cir. 1971)).

REQUEST NO. 24

KNOWINGLY, WILLFULLY AND INTENTIONALLY

The offenses in the Indictment require that the government prove beyond a reasonable doubt that the defendant acted "knowingly," "intentionally," or "willfully" with respect to certain elements of the offenses.  I will define knowingly and intentionally for you now.  I've already instructed you on what willfully means.

To prove that the defendant acted "knowingly," the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the elements of the offenses charged.

To prove that the defendant acted "intentionally," the government must prove beyond a reasonable doubt either that (1) it was the defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) the defendant knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether the defendant acted "knowingly," "intentionally," or "willfully," you may consider evidence about what that defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.[23]

---

[23] Third Circuit Model Criminal Jury Instructions, 5.02 and 5.03.

36

REQUEST NO. 25

PROOF OF REQUIRED STATE OF MIND

Often the knowledge, intent, or willfulness with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he is thinking. However, a defendant's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine the defendant's state of mind, in other words, what that defendant intended or knew at a particular time, you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results or consequences. You may find, but you are not required to find, that the defendant knew and intended the natural and probable consequences or results of acts he knowingly did. This means that if you find that an ordinary person in the defendant's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that the defendant did know and did intend that those consequences would result from his actions. This is entirely up to you to decide as the finders of the facts in this case.[24]

---

[24] Third Circuit Model Criminal Jury Instructions, 5.01.

37

## REQUEST NO. 26

## MOTIVE EXPLAINED

Motive is not an element of the offenses with which the defendant is charged.  Proof of bad motive is not required to convict.  Further, proof of bad motive alone does not establish that the defendant is guilty and proof of good motive alone does not establish that the defendant is not guilty.  Evidence of the defendant's motive may, however, help you find the defendant's intent.

Intent and motive are different concepts.  Motive is what prompts a person to act.  Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.  However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.[25]

---

[25]  Third Circuit Model Criminal Jury Instructions, 5.04.

REQUEST NO. 27

PERSONS NOT ON TRIAL

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial, from the fact that certain persons were not named as defendants in the Indictment.  The fact that these persons were not indicted or not on trial here must play no part in your deliberations.  It should be of no concern to you and you should not speculate as to the reason for their absence.  Their absence should not influence your verdict with respect to the defendant on trial at this time.  You must base your verdict as to the defendant solely on the evidence against that defendant.[26]

---

[26] *See* 1A K. O'Malley, J. Grening and W. Lee, Federal Jury Practice and Instructions (Criminal) § 12:16 (5th ed.)

## REQUEST NO. 28

### INTERVIEWS BY COUNSEL AND THEIR REPRESENTATIVES

During the trial, you have heard testimony that counsel for the respective parties or their representatives have interviewed or attempted to interview some witnesses who testified in order to prepare for trial.  No adverse inference should be drawn from that conduct.  Indeed, both parties had a right, duty, and obligation to conduct, and attempt to conduct, those interviews, and prepare this case as thoroughly as possible, and they might have been derelict in the performance of their duties if they had not questioned the witnesses as the investigation progressed and during their preparation for this trial.[27]

---

[27] *See United States v. Boggs*, Crim. No. 76-207 (D.N.J. 1979).

REQUEST NO. 29

STIPULATIONS (IF APPLICABLE)

The Government and the defendant have agreed that [set forth stipulated fact(s)] (is)(are) true.  You should therefore treat (this fact)(these facts) as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.[28]

---

[28]  Third Circuit Model Criminal Jury Instructions, 4.02.

41

REQUEST NO. 30

ON OR IN OR ABOUT

You will note that the Indictment charges that the offenses took place "on or about" or "in or about" certain dates. The Government does not have to prove with certainty the exact dates of the alleged offenses. It is sufficient if the Government proves beyond a reasonable doubt that an offense was committed on dates reasonably near to the dates alleged in the Indictment.[29]

---

[29] Third Circuit Model Criminal Jury Instructions, 3.08.

42

REQUEST NO. 31

USE OF THE CONJUNCTIVE IN THE INDICTMENT

You will note that the word "and" is used between certain charging words in the Indictment.  For example, Counts Four and Five charges that the defendant did willfully fail to truthfully account for and pay over to the IRS all of the payroll tax due and owing to the United States on behalf of Gilmore & Monahan, P.A., and its employees.

However, even though the word "and" appears in the Indictment in this manner, the Government need not prove that the defendant did both of those things.  It is sufficient for the Government to prove that the defendant did one of the things charged in a particular count.  In other words, you should treat the conjunctive "and" as it appears in many places in the Indictment as being the disjunctive "or."  For example, it is enough for the Government to prove, in Counts Four and Five, that the defendant failed to truthfully account for or pay over to the IRS all of the payroll tax due and owing to the United States on behalf of Gilmore & Monahan, P.A. and its employees.

An important exception to this rule is the portion of counts that charge that the defendant acted with certain mental states.  In those instances, you must find that each of the required mental states existed in order to find the defendant guilty on that particular count.

## REQUEST NO. 32

### SUMMARY ADMITTED IN EVIDENCE (IF APPLICABLE)

Certain summary charts offered by the parties were admitted as evidence.  You may use those summary charts as evidence, regardless of whether the underlying documents and records were admitted into evidence.[30]

---

[30]  Third Circuit Model Criminal Jury Instructions, 4.10 and 4.11 (modified).

REQUEST NO. 33

SUMMARY CHARTS NOT ADMITTED IN EVIDENCE (IF APPLICABLE)

The parties presented certain summary charts in order to help explain the facts disclosed by the bank records and other documents that were admitted as evidence in the case. The summary charts are not themselves evidence or proof of any facts. If the summary charts do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.[31]

---

[31] Third Circuit Model Criminal Jury Instructions, 4.10.

## REQUEST NO. 34

## AUDIO RECORDINGS (IF APPLICABLE)

During the trial you heard audio recordings of conversations with the defendant.  These recordings were made with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.[32]

---

[32]  Third Circuit Model Criminal Jury Instructions, 4.04

46

## REQUEST NO. 35

### AUDIO RECORDINGS - TRANSCRIPTS (IF APPLICABLE)

You have heard audio recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

The transcripts name the speakers. But remember, you must decide who you actually heard speaking in the recording. The names on the transcript were used simply for your convenience.[33]

---

[33]  Third Circuit Model Criminal Jury Instructions, 4.06

REQUEST NO. 36

CREDIBILITY OF WITNESSES

In deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness' testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness's testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you also should consider whether it was about a matter of importance or an insignificant detail. You also should consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.[34]

---

[34] Third Circuit Model Criminal Jury Instructions, 3.04.

REQUEST NO. 37

CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICERS
(IF APPLICABLE)

You have heard the testimony of a law enforcement officer.  The fact that a witness is

employed as a law enforcement officer does not mean that his testimony necessarily deserves

more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all of the evidence, whether you believe the testimony

of the law enforcement witness and how much weight, if any, it deserves.[35]

---

[35]  Third Circuit Model Jury Instructions, 4.18.

## REQUEST NO. 38

### NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.[36]

> *[In this case, the defendant presented evidence and/or produced witnesses.  The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]*

---

[36]  Third Circuit Model Criminal Jury Instructions, 3.05.

51

REQUEST NO. 39

EXPERT TESTIMONY (IF APPLICABLE)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from _____ who offered an opinion. Because of his knowledge, skill, experience, training, or education in the field of _____, _____ (was) (were) permitted to offer a(n) opinion(s) in that field and the reasons for (that)(those) opinion(s).

The opinion(s) (this)(these) witness(es) state(s) should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion(s) entirely if you decide that _____'s opinion(s) (is)(are) not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion(s) if you conclude that the reasons given in support of the opinion(s) are not sound, or if you conclude that the opinion(s) (is)(are) not supported by the facts shown by the evidence, or if you think that the opinion(s) (is)(are) outweighed by other evidence.[37]

---

[37] Third Circuit Model Criminal Jury Instructions, 4.08.

REQUEST NO. 40

IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT (IF APPLICABLE)

You have heard that before this trial, witnesses made statements that may be different from their testimony in this trial.  It is up to you to determine whether these statements were made and whether it was different from the witnesses' testimony in this trial.  These earlier statements were brought to your attention only to help you decide whether to believe the witnesses' testimony here at trial.  You cannot use it as proof of the truth of what a witness said in the earlier statement.  You can only use it as one way of evaluating that witness' testimony in this trial.[38]

You also heard evidence that _____ made statements before this trial that were given before the grand jury and that may be different from (his)(her) testimony at trial.  When a statement is made before the grand jury, you may not only use it to help you decide whether you believe the witness' testimony in this trial but you may also use it as evidence of the truth of what the witness(es) said in the earlier statement(s).  But when a statement is not made under oath or not given before the grand jury, you may use it only to help you decide whether you believe the witness' testimony in this trial and not as proof of the truth of what the witness(es) said in the earlier statement(s).

---

[38]  Third Circuit Model Criminal Jury Instructions, 4.22.

REQUEST NO. 41

IMPEACHMENT OF WITNESS – PRIOR BAD ACTS (IF APPLICABLE)

You have heard evidence that a witness, _____, committed various bad acts, including [SET FORTH BAD ACTS]. You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe that witness and how much weight to give (his) (her) testimony.[39]

---

[39]  Third Circuit Model Jury Instructions, 4.24.

## REQUEST NO. 42

### ELECTION OF DEFENDANT NOT TO TESTIFY (IF APPLICABLE)

The defendant did not testify [or present any evidence] in this case.  A defendant has an absolute constitutional right not to testify or to present any evidence.  The burden of proof remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he or she is innocent.  You must not attach any significance to the fact that the defendant did not testify.  You must not draw any adverse inference against the defendant because he did not take the witness stand.  Do not consider, for any reason at all, the fact that the defendant did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.[40]

---

[40]  Third Circuit Model Criminal Jury Instructions, 4.27.

REQUEST NO. 43

DEFENDANT'S TESTIMONY (IF APPLICABLE)

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.[41]

---

[41] Third Circuit Model Criminal Jury Instructions, 4.28.

REQUEST NO. 44

DEFENDANT'S PRIOR BAD ACTS (IF APPLICABLE)

You have heard testimony that the defendant [summarize the other act evidence].

This evidence of other act(s) was admitted only for (a) limited purpose(s). You may consider this evidence only for the purpose of deciding whether the defendant (describe the precise purpose or purposes for which the other act evidence was admitted: for example),

> had the state of mind, knowledge, or intent necessary to commit the particular crime charged in the Indictment; or

> had a motive or the opportunity to commit the acts charged in the Indictment; or

> was preparing or planning to commit the acts charged in the Indictment; or

> acted with a method of operation as evidenced by a unique pattern; or

> did not commit the acts for which the defendant is on trial by accident or mistake; or

> is the person who committed the crime charged in the Indictment.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the act(s) charged in the Indictment.

Remember that the defendant is on trial here only for the offenses charged in the Indictment, not for these other acts.  Do not return a guilty verdict on a particular count unless the Government proves that crime charged in the Indictment beyond a reasonable doubt.[42]

---

[42]  Third Circuit Model Jury Instructions, 4.29.

REQUEST NO. 45

NUMBER OF WITNESSES CALLED AND INVESTIGATIVE TECHNIQUES USED

Your decision on the facts of this case should not be determined by the number of witnesses testifying. You should consider all of the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not to believe.

During the trial you may have heard testimony of witnesses and argument by counsel that the Government did not utilize specific investigative techniques. You may consider these facts in deciding whether the Government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty of the particular crime charged. However, you also are instructed that there is no legal requirement that the Government use any of these specific investigative techniques in order to prove its case. Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.[43]

---

[43] Third Circuit Model Criminal Jury Instructions, 4.14.

REQUEST NO. 46

DELIBERATIONS

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:  The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court.  He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:  I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.  To find the defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:  If you decide that the government has proved the defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be.  You should never consider the possible punishment in reaching your verdict.

Fourth:  As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your

duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that-- your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth:  Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.  During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh:  If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about what you have asked, and I will respond as soon as I can.  In the meantime, if possible, continue with your deliberations on some other subject.

One more thing about messages.  Do not ever write down or tell anyone how you or any one else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.[44]

---

[44] Third Circuit Model Criminal Jury Instruction, 3.16.

## REQUEST NO. 47

### VERDICT FORM

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room. When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the Government has not proved the defendant guilty of an offense charged in a particular count beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has proven the defendant guilty of an offense charged in that particular count beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.[45]

---

[45] Third Circuit Model Criminal Jury Instructions, 3.17.

CONCLUSION

As noted in the Preliminary Statement, the United States respectfully submits the foregoing requested instructions as to the essential elements of the offenses charged and as to certain evidentiary matters, requests that the Court charge the jury in its usual terms as to general issues, and requests leave to submit additional or supplementary requests if warranted by developments during trial.

Respectfully submitted,

RACHAEL A. HONIG
Attorney for the United States
Acting Under Authority Conferred by 28
U.S.C. § 515

/s/ Matthew J. Skahill
/s/ Jihee G. Suh
By:  MATTHEW J. SKAHILL
JIHEE G. SUH
Assistant U.S. Attorneys

/s/ Thomas F. Koelbl
THOMAS F. KOELBL
Trial Attorney, Tax Division
U.S. Department of Justice

Date:  March 29, 2019
Trenton, New Jersey