**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
UNITED STATES OF AMERICA,      :    No. 3:19-cr-00029-AET
:
:
v.     :
:
:
GEORGE GILMORE,      :
:
Defendant.      :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

**REQUESTS TO CHARGE OF DEFENDANT GEORGE GILMORE**

---

MARINO, TORTORELLA & BOYLE, P.C.
437 Southern Boulevard
Chatham, New Jersey 07928-1488
(973) 824-9300
*Attorneys for Defendant George Gilmore*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ........................................................................................ 1

REQUEST NO. 1 (PRELIMINARY INSTRUCTIONS BEFORE
OPENING STATEMENTS).............................................................................................. 2

REQUEST NO. 2 (ADDITIONAL REASONABLE DOUBT
LANGUAGE)...................................................................................................................... 3

REQUEST NO. 3 (OPINION EVIDENCE) (EXPERT WITNESSES)............................ 4

REQUEST NO. 4 (FINAL INSTRUCTIONS: GENERAL)............................................. 5

REQUEST NO. 5 (DEFENDANT'S CHOICE NOT TO TESTIFY OR
PRESENT EVIDENCE ) (IF APPLICABLE) .................................................................. 6

REQUEST NO. 6 (DEFENDANT'S TESTIMONY) (IF APPLICABLE)........................ 7

REQUEST NO. 7 (CREDIBILITY OF WITNESSES—LAW
ENFORCEMENT OFFICERS *AND IRS EMPLOYEES*)................................................ 8

REQUEST NO. 8 (DEFENDANT'S CHARACTER EVIDENCE) (IF
APPLICABLE).................................................................................................................... 9

REQUEST NO. 9 (FALSE IN ONE, FALSE IN ALL) ................................................... 10

REQUEST NO. 10 (PROOF OF REQUIRED MENTAL STATE—
INTENTIONALLY, KNOWINGLY, WILLINGLY)..................................................... 11

REQUEST NO. 11 (TAX EVASION—*EVASION OF PAYMENT*—
ELEMENTS OF THE OFFENSE) .................................................................................. 12

REQUEST NO. 12 (TAX EVASION—*EVASION OF PAYMENT*— TAX
DEFICIENCY DEFINED) .............................................................................................. 13

REQUEST NO. 13 (TAX EVASION—*EVASION OF PAYMENT*—
AFFIRMATIVE ATTEMPT TO EVADE OR DEFEAT DEFINED)............................ 14

REQUEST NO. 14 (TAX EVASION—*EVASION OF PAYMENT*—
WILLFULLY DEFINED) ................................................................................................ 17

REQUEST NO. 15 (FALSE INCOME TAX RETURN (26 U.S.C. §
7206(1))—ELEMENTS OF THE OFFENSE ................................................................. 19

REQUEST NO. 16 (FALSE INCOME TAX RETURN— MAKING OR
SUBSCRIBING A RETURN DEFINED)....................................................................... 20

REQUEST NO. 17 (FALSE INCOME TAX RETURN— RETURN
MADE UNDER PENALTIES OF PERJURY)................................................................. 21

REQUEST NO. 18 (FALSE INCOME TAX RETURN— RETURN WAS
MATERIALLY FALSE)................................................................................................ 22

REQUEST NO. 19 (FALSE INCOME TAX RETURN—
DEFENDANT'S KNOWLEDGE OF FALSITY)........................................................... 23

REQUEST NO. 20 (FALSE INCOME TAX RETURN—
WILLFULLNESS) ........................................................................................................ 24

REQUEST NO. 21 (FAILURE TO COLLECT, ACCOUNT FOR, AND
PAY OVER PAYROLL TAXES (26 U.S.C. § 7202)—ELEMENTS OF
THE OFFENSE) ............................................................................................................ 26

REQUEST NO. 22 (FAILURE TO COLLECT, ACCOUNT FOR, AND
PAY OVER PAYROLL TAXES—RESPONSBILE PERSON) ..................................... 27

REQUEST NO. 23 (FAILURE TO COLLECT, ACCOUNT FOR, AND
PAY OVER PAYROLL TAXES—FAILURE)................................................................ 29

REQUEST NO. 24 (FAILURE TO COLLECT, ACCOUNT FOR, AND
PAY OVER PAYROLL TAXES—WILLFULNESS)..................................................... 30

REQUEST NO. 25 (FALSE STATEMENTS IN A LOAN
APPLICATION (18 U.S.C. § 1014)—ELEMENTS OF THE OFFENSE) ..................... 32

REQUEST NO. 26 (FALSE STATEMENTS IN A LOAN
APPLICATION— FALSE STATEMENT).................................................................... 33

REQUEST NO. 27 (FALSE STATEMENTS IN A LOAN
APPLICATION—DEFENDANT'S KNOWLEDGE OF FALSITY) ............................. 34

REQUEST NO. 28 (FALSE STATEMENTS IN A LOAN
APPLICATION—PURPOSE) ....................................................................................... 35

REQUEST NO. 29 (FALSE STATEMENTS IN A LOAN
APPLICATION)—DEPOSITORY INSTITUTION)....................................................... 36

REQUEST NO. 30 (GOOD FAITH DEFENSE) ............................................................ 37

REQUEST NO. 31 (THEORY OF THE DEFENSE) ..................................................... 39

CONCLUSION............................................................................................................... 40

## PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Defendant George Gilmore ("Gilmore") respectfully requests that the Court include the following requests in its charge to the jury.

## REQUEST NO. 1 (PRELIMINARY INSTRUCTIONS BEFORE OPENING STATEMENTS)

Gilmore respectfully requests that the Court give the following *Preliminary Instructions Before Opening Statements* from the *Third Circuit Model Criminal Jury Instructions*, but that it supplement its charge on Presumption of Innocence, Burden of Proof, and Reasonable Doubt (Instruction No. 1.13) as set forth in Request No. 2:

1.01 Preliminary Instructions to Jury Panel

1.02 Role of the Jury

1.03 Conduct of the Jury 1.04 Bench (Side-Bar) Conferences

1.05 Note Taking by Jurors

1.06 Questions by Jurors of Witnesses

1.07 Description of Trial Proceedings

1.08 Evidence (What is; is Not)

1.09 Direct and Circumstantial Evidence

1.10 Credibility of Witnesses

1.11 Nature of the Indictment

1.13 Presumption of Innocence; Burden of Proof; Reasonable Doubt (as supplemented by Request No. 2)

1.14 Separate Consideration—Single Defendant Charged with Multiple Offenses

## REQUEST NO. 2 (ADDITIONAL REASONABLE DOUBT LANGUAGE)

Evidence is insufficient to sustain a conviction where it is wholly consistent with an obvious and reasonable innocent interpretation, and where little more than conjecture supports the hypothesis of guilt.  The existence of a reasonable innocent explanation of the evidence creates reasonable doubt.

## AUTHORITY

*United States v. Bryant*, 885 F. Supp. 2d 749, 759–60 (D.N.J. 2012).

## REQUEST NO. 3 (OPINION EVIDENCE) (EXPERT WITNESSES)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

You will hear testimony from Richard Beeferman, CPA, who will offer opinions for the defense, and Revenue Agent Bert Balbas, Jr. of the Internal Revenue service, who will offer opinions for the prosecution.  Because of their knowledge, skill, experience, training, or education in their respective fields, Mr. Beeferman and Mr. Balbas will be permitted to offer opinions in their fields and the reasons for their opinions.

The opinions these experts state should receive whatever weight you think appropriate, given all the other evidence in the case.  In weighing this opinion testimony you may consider the witnesses' qualifications, the reasons for the witnesses' opinions, and the reliability of the information supporting the witnesses' opinions, as well as the other factors I will discuss in my final instructions for weighing the testimony of witnesses. You may disregard the opinions entirely if you decide that the witnesses' opinions are not based on sufficient knowledge, skill, experience, training, or education.  You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

## AUTHORITY

Third Circuit Model Jury Instructions, Instruction No. 2.09.

4

## REQUEST NO. 4 (FINAL INSTRUCTIONS: GENERAL)

Gilmore respectfully requests that the Court give the following *Final Instructions: General* from the *Third Circuit Model Criminal Jury Instructions*, but that it supplement its charge on Presumption of Innocence; Burden of Proof; Reasonable Doubt (Instruction No. 3.06) as set forth in Request No. 2:

3.01 Role of Jury

3.02 Evidence

3.03 Direct and Circumstantial Evidence

3.04 Credibility of Witnesses

3.05 Not All Evidence, Not All Witnesses Needed

3.06 Presumption of Innocence; Burden of Proof; Reasonable Doubt (as supplemented by Request No. 2)

3.07 Nature of Indictment

3.08 On or About

3.09 Venue

3.12 Separate Consideration—Single Defendant Charged With Multiple Offenses

3.16 Election Of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty To Deliberate; Communication With Court

3.17 Verdict Form

## REQUEST NO. 5 (DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE ) (IF APPLICABLE)

Mr. Gilmore did not testify in this case.  A defendant has an absolute constitutional right not to testify.  The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that Mr. Gilmore did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that Mr. Gilmore did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 4.27.

## REQUEST NO. 6 (DEFENDANT'S TESTIMONY) (IF APPLICABLE)

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, Mr. Gilmore testified.  You should examine and evaluate his testimony just as you would the testimony of any witness.

## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 4.28.

## REQUEST NO. 7 (CREDIBILITY OF WITNESSES—LAW ENFORCEMENT OFFICERS *AND IRS EMPLOYEES*)

You have heard the testimony of law enforcement officers **and employees of the Internal Revenue Service, which I will refer to as the "IRS."**[1]  The fact that a witness is a law enforcement officer **or an IRS employee** does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.  At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement **or IRS** witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement **or IRS** witnesses and how much weight, if any, it deserves.

## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 4.18 (**as modified to reference IRS employees**).

---

[1] Language formatted in bold italics denotes the proposed tailoring of a model charge to the facts of this case.

## REQUEST NO. 8 (DEFENDANT'S CHARACTER EVIDENCE) (IF APPLICABLE)

You have heard reputation and opinion evidence that Mr. Gilmore has a character trait for truthfulness, honesty, and being a law-abiding citizen.

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the Government has proved the charges beyond a reasonable doubt.

## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 4.39.

## **REQUEST NO. 9 (FALSE IN ONE, FALSE IN ALL)**

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters.  You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

## **AUTHORITY**

Third Circuit Model Criminal Jury Instructions, Instruction No. 4.26.

## REQUEST NO. 10 (PROOF OF REQUIRED MENTAL STATE— INTENTIONALLY, KNOWINGLY, WILLINGLY)

Often the state of mind—intent, knowledge, and willfulness—with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he is thinking.  However, Mr. Gilmore's state of mind can be proved indirectly from the surrounding circumstances.  Thus, to determine Mr. Gilmore's state of mind (what Mr. Gilmore intended or knew) at a particular time, you may consider evidence about what Mr. Gilmore said, what Mr. Gilmore did and failed to do, how Mr. Gilmore acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Gilmore's mind at that time.  It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Mr. Gilmore's state of mind.

You may also consider the natural and probable results or consequences of any acts Mr. Gilmore knowingly did, and whether it is reasonable to conclude that Mr. Gilmore intended those results or consequences.  You may find, but you are not required to find, that Mr. Gilmore knew and intended the natural and probable consequences or results of acts he knowingly did.  This means that if you find that an ordinary person in Mr. Gilmore's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that Mr. Gilmore did know and did intend that those consequences would result from his actions.  This is entirely up to you to decide as the finders of the facts in this case.


## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 5.01

11

**REQUEST NO. 11 (TAX EVASION—*EVASION OF PAYMENT*—**
**ELEMENTS OF THE OFFENSE)**

Count 1 of the Superseding Indictment charges Mr. Gilmore with ***evading the***
***payment of*** income tax, which is a violation of federal law.

In order to find Mr. Gilmore guilty of this offense, you must find that the
Government proved each of the following three elements beyond a reasonable doubt:

First: That Mr. Gilmore had a substantial income tax deficiency;

Second: That Mr. Gilmore made an affirmative attempt to evade or defeat the
payment of the income tax; and

Third: That Mr. Gilmore acted willfully.


**AUTHORITY**

Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7201 (***modified to***
***reflect the charge of evasion of payment***).

## REQUEST NO. 12 (TAX EVASION—*EVASION OF PAYMENT*— TAX DEFICIENCY DEFINED)

The first element that the Government must prove beyond a reasonable doubt is that Mr. Gilmore had a substantial tax deficiency due and owing, that is, that Mr. Gilmore owed substantially more federal income tax than he paid for the calendar years 2013, 2014, and 2015.

The Government does not have to prove the exact amount that Mr. Gilmore owed or that Mr. Gilmore evaded *payment* of all of the taxes charged in the Superseding Indictment. The Government is required to establish only that Mr. Gilmore owed a substantial amount of income tax during the years in question, regardless of whether it is more or less than the amount set forth in the Superseding Indictment.

## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7201-1 (***modified to reflect the charge of evasion of payment***).

13

### REQUEST NO. 13 (TAX EVASION—*EVASION OF PAYMENT—* AFFIRMATIVE ATTEMPT TO EVADE OR DEFEAT DEFINED)

The second element that the Government must prove beyond a reasonable doubt is that Mr. Gilmore made an affirmative attempt to evade or defeat *payment of a substantial tax deficiency*. The phrase "attempt to evade or defeat any tax" involves two things: first, the formation of an intent to evade or defeat *payment of a substantial tax deficiency permanently*; and, second, willfully performing some act to accomplish the intent to evade or defeat *a substantial tax deficiency permanently*.

The Government must first prove beyond a reasonable doubt that Mr. Gilmore knew and understood that during the calendar years 2013, 2014, and 2015, he had a *substantial* tax deficiency. The Government then must prove beyond a reasonable doubt that Mr. Gilmore intended to *permanently* evade or defeat the *substantial* tax due and that Mr. Gilmore also willfully did some affirmative act to try to accomplish this intent to *permanently* evade or defeat that tax. *If you find that the Government has shown only that Mr. Gilmore intended to postpone or delay payment but did not intend to avoid payment permanently, it has not satisfied this element*.

An affirmative act is an act done to mislead the Government or to conceal income to avoid the payment of a tax *permanently*. In this case, the Government alleges in the Superseding Indictment that Mr. Gilmore committed the following affirmative attempts of tax evasion:

    a) concealed his income and the existence of funds available to pay his outstanding tax liabilities by using his law firm bank and credit card accounts to pay for personal expenses and by using his law firm bank accounts to obtain cash;

    b) falsely classified income that he received from the law firm as "shareholder loans"

14

    c)   submitted a $493,526 check to the IRS for payment of his tax liability for calendar year 2013 drawn from a personal bank account with insufficient funds;

    d)   made misrepresentations to the IRS, including false and misleading statements concerning his ability to pay and assurances of payment; and

    e)   filed false tax returns that materially understated the true amount of income that Mr. Gilmore received.

Even otherwise lawful or innocent conduct may constitute an affirmative act if you find that Mr. Gilmore acted with intent to conceal income or mislead the Government *for purposes of avoiding payment of a tax permanently*. An act likely to mislead the Government or conceal funds satisfies this element *if done for purposes of avoiding payment of a tax permanently*. However, *merely failing to pay assessed taxes, without more, does not constitute evasion of payment, even if one possesses the funds to pay the tax. Nor does an omission qualify as an affirmative act*.

The Government need only prove one act to satisfy this element of the offense, but you must unanimously agree on which act or acts were committed.

## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7201-3 (*modified to (i) reflect the charge of evasion of payment, including by omitting language relating to an evasion-of-assessment charge; (ii) clarify that the payment evaded is for the substantial tax deficiency that is the first element of the charged crime; and (iii) explain that the affirmative acts and the intent behind them must relate to evading or defeating a tax permanently rather than temporarily; and (iv) clarify that omissions or failure to pay taxes despite having the means to do so do not qualify as affirmative acts*); *id.* at Comment ("A mere omission is not sufficient"); *United States v. Voigt*, 89 F.3d 1050, 1090 (3d Cir. 1996) (noting that, while acts "intended to conceal or mislead are sufficient," "simple nonpayment of taxes owed cannot sustain a conviction under the statute"); *United States v. McGill*, 964 F.2d 222, 231 (3d Cir. 1992) (explaining that "[m]erely failing to pay assessed taxes, without more . . . does not constitute evasion of payment" for purposes of 26 U.S.C. § 7201); *id.* at 233 ("Omissions, including failures to report, do not satisfy the requirements of § 7201"); *Edwards v. United States*, 375 F.2d 862, 867 (9th Cir. 1967) ("Evasion and defeat . . . contemplate an escape from tax and not merely a postponement of disclosure or payment. . . . Tax evasion . . . focuses on the accused's intent to deprive the Government of its tax moneys, and this requires more than just delay."), *overruled on*

*other grounds by United States v. Bishop*, 412 U.S. 346 (1973); *United States v. Fisher*, 607 F. App'x 645, 647 (9th Cir. 2015) (explaining that a jury could have found that the defendant did not violate 26 U.S.C. § 7201 by intending to "*delay* payment" rather than intending "to evade [the defendant's] tax obligations *permanently*" (emphasis in original; *citing Edwards*, 375 F.2d at 867)); *United States v. Boisseau*, 116 F. Supp. 3d 1242, 1252 & n.9 (D. Kan. 2015) ("Refusal to pay taxes while possessing funds sufficient to pay the liability, without more, does not constitute willful evasion of payment.") (citing *Spies v. United States*, 317 U.S. 492, 499 (1943)), *aff'd* 841 F.3d 1122 (10th Cir. 2016); DOJ Criminal Tax Manual § 8.06[2] ("Obstinately refusing to pay taxes due and possession of the funds needed to pay the taxes, *without more*, does not establish the requisite affirmative act necessary for an attempted evasion of payment charge.") (emphasis in original); *id.*, § 8.06[3] ("It is crucial that the affirmative act be committed with an intent to evade tax. The mere fact that there was a non-payment or understatement of taxes is insufficient; the government must prove that the defendant committed an affirmative act with the specific intent to evade tax."); IRS Manual § 9.1.3.3.2.2.2(7) ("The mere failure or willful failure to pay a tax does not constitute an attempt to evade or defeat the payment of that tax.").

16

## REQUEST NO. 14 (TAX EVASION—*EVASION OF PAYMENT*— WILLFULLY DEFINED)

The third element the Government must prove beyond a reasonable doubt is that Mr. Gilmore acted willfully.  To act "willfully" means to voluntarily and intentionally violate a known legal duty.  Mr. Gilmore's conduct was not willful if he acted through negligence, mistake, accident, or due to a good faith misunderstanding of the requirements of the law. A good faith belief is one that is honestly and genuinely held, ***regardless of whether that belief was objectively reasonable***.

***It is the Government's burden to prove beyond a reasonable doubt not only that Mr. Gilmore acted voluntarily and in intentional violation of a known legal duty, but that Mr. Gilmore did not honestly believe that his conduct was not criminal under the federal tax laws.  To sustain this burden, the Government must negate Mr. Gilmore's claim of ignorance of the law or his claim that because of a misunderstanding of the law, he had a good faith belief that he was not violating any of the provisions of the tax laws.***

This definition of "willfulness" applies to all of the tax offenses charged in this case.

## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7201-4 (***modified to (i) reflect the charge of evasion of payment; (ii) clarify that a belief held in good faith need not be objectively reasonable; and (iii) clarify that the Government bears the burden to disprove the existence of a good-faith or honestly held belief***); *id.* at Comment ("The definition of 'willfully' in tax cases mandates the conclusion that a defendant cannot be found guilty if the jury concludes that the defendant honestly believed the tax laws did not make his or her conduct criminal, even if that belief was unreasonable."); *Cheek v. United States*, 498 U.S. 192, 201–02 (1991) ("Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty. . . .  [C]arrying this burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a

17

good-faith belief that he was not violating any of the provisions of the tax laws."); *United States v. McGill*, 964 F.2d 222, 237 (3d Cir. 1992) ("'Willfulness' is the voluntary, intentional violation of a known legal duty."); *id.* at 238 ("In a situation in which the issue is whether the defendant knew of the duty purportedly imposed by the statute in question, the Government must prove actual knowledge of the pertinent legal duty, but this requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good faith belief that he was not violating any of the provisions of the tax laws."); *United States v. Lynch*, 735 F. App'x 780, 788-89 (3d Cir. 2018) ("Willfulness in a tax evasion case is 'a voluntary, intentional violation of a known legal duty.  Thus, if a defendant can show that he had a good faith belief that he was not violating the tax code, regardless of whether that belief was objectively reasonable, he has established that he did not act willfully.  The burden remains on the Government to disprove the defendant's good faith." (internal quotation marks and citations omitted)).

## REQUEST NO. 15 (FALSE INCOME TAX RETURN (26 U.S.C. § 7206(1))—ELEMENTS OF THE OFFENSE

Counts 2 and 3 of the Superseding Indictment charge Mr. Gilmore with filing false tax returns for years 2013 and 2014, which is a violation of federal law.

In order to find Mr. Gilmore guilty of this offense, you must find that the Government proved each of the following *five* elements for each year beyond a reasonable doubt:

First: That Mr. Gilmore made and subscribed and filed an income tax return;

Second: That the tax return is verified by a written declaration that it was made under the penalties of perjury;

Third: That the return was false regarding a material matter;

Fourth: That Mr. Gilmore did not believe the return was true and correct as to that material matter; and

Fifth: That Mr. Gilmore acted willfully.

## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7206 (***modified to correct the model instruction's earlier reference to "four" elements when five are set out***).

## REQUEST NO. 16 (FALSE INCOME TAX RETURN—
## MAKING OR SUBSCRIBING A RETURN DEFINED)

The first element that the Government must prove beyond a reasonable doubt *for each year* is that Mr. Gilmore made and subscribed *to* and filed a tax return.

A tax return is made and subscribed to at the time it is signed.  A tax return is filed at the time it is delivered to the IRS.

## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7206-1 (*modified to reflect the two years in question*).

20

### REQUEST NO. 17 (FALSE INCOME TAX RETURN—RETURN MADE UNDER PENALTIES OF PERJURY)

The second element that the Government must prove beyond a reasonable doubt *for each year* is that the return was verified by a written declaration that it was made under penalty of perjury.

To satisfy this element, the Government must prove that on its face the return contained a statement indicating that the return was made under penalty of perjury.

### AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7206-2 (*modified to reflect the two years in question*).

21

## REQUEST NO. 18 (FALSE INCOME TAX RETURN— RETURN WAS MATERIALLY FALSE)

The third element that the Government must prove beyond a reasonable doubt *for each year* is that the return was false regarding a material matter.

*In this case, the Superseding Indictment charges that the material matter is Mr. Gilmore's failure to characterize shareholder loans he received from the law firm of Gilmore & Monahan as income and his failure to report such income on his returns.  I shall refer to this source of funds as "the Shareholder Loans."*

The false statement in the return must be material.  This means that it must be essential to an accurate determination of Mr. Gilmore's tax liability.  However, the Government does not need to prove the existence of a tax deficiency or loss to the Government.

## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7206-3 (*modified to (i) reflect the two years in question; and (ii) tie the element of the offense to the charged crime, including by omitting language relating to overstatement or mischaracterization of deductible expenses*).

22

### REQUEST NO. 19 (FALSE INCOME TAX RETURN— DEFENDANT'S KNOWLEDGE OF FALSITY)

The fourth element that the Government must prove beyond a reasonable doubt *for each year* is that Mr. Gilmore did not believe the return was true and correct as to its *failure to treat and report the Shareholder Loans as income*.

Whether Mr. Gilmore did not believe the return to be true and correct as to that material matter may be proven by Mr. Gilmore's conduct and by all of the facts and circumstances surrounding the case.

### AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No.6.26.7206-4 (*modified to (i) reflect the two years in question; and (ii) clarify the "material matter" in question*).

## REQUEST NO. 20 (FALSE INCOME TAX RETURN— WILLFULLNESS)

The fifth element that the Government must prove beyond a reasonable doubt for each year is that Mr. Gilmore acted willfully.

*As I previously explained, to prove that Mr. Gilmore acted "willfully," the Government must prove beyond a reasonable doubt that Mr. Gilmore acted voluntarily and in intentional violation of a known legal duty, which requires the Government to disprove any honest or good-faith belief held by Mr. Gilmore that the tax laws did not make his conduct criminal.*

*In the context of Counts 2 and 3, the Government must therefore prove beyond a reasonable doubt that Mr. Gilmore knew he would be subject to criminal liability if he did not treat and report the Shareholder Loans as income on his personal tax returns and that despite that knowledge he filed personal tax returns that did not accurately reflect the Shareholder Loans.*

## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7201-4 (*modified to summarize the proposed instruction as set forth in Request No. 15 and to tie that instruction to the offense as charged*); *id.* at Comment ("The definition of 'willfully' in tax cases mandates the conclusion that a defendant cannot be found guilty if the jury concludes that the defendant honestly believed the tax laws did not make his or her conduct criminal, even if that belief was unreasonable."); *Cheek v. United States*, 498 U.S. 192, 201-02 (1991) ("Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty. . . . [C]arrying this burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws."); *United States v. McGill*, 964 F.2d 222, 237 (3d Cir. 1992) ("'Willfulness' is the voluntary, intentional violation of a known legal duty."); *id.* at 238 ("In a situation in which the issue is whether the defendant knew of the duty purportedly imposed by the statute in question, the Government must prove actual knowledge of the pertinent legal duty, but this requires negating a defendant's claim

24

of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good faith belief that he was not violating any of the provisions of the tax laws."); *United States v. Lynch*, 735 F. App'x 780, 788–89 (3d Cir. 2018) ("The burden remains on the Government to disprove the defendant's good faith." (citing *Cheek*, 498 U.S. at 202).)

## REQUEST NO. 21 (FAILURE TO COLLECT, ACCOUNT FOR, AND PAY OVER PAYROLL TAXES (26 U.S.C. § 7202)—ELEMENTS OF THE OFFENSE)

Counts 4 and 5 of the Superseding Indictment charge Mr. Gilmore with failing to collect, account for, and pay over payroll taxes for tax quarters ending March 31, 2016, and June 30, 2016.   In order to find Mr. Gilmore guilty of this offense, you must find that the Government proved each of the following three elements for each tax quarter beyond a reasonable doubt:

First: That Mr. Gilmore was a person required to collect, truthfully account for, and pay over the firm's payroll taxes;

Second: That Mr. Gilmore failed to collect, truthfully account for, and pay over the firm's payroll taxes; and

Third: That his failure to do so was willful.

## AUTHORITY

*United States v. Lynch*, 735 F. App'x 780, 788 (3d Cir. 2018) (explaining that, to establish an offense under 26 U.S.C. § 7202, the Government "must prove beyond a reasonable doubt that (1) [defendant] was a person required to 'collect, account for, and pay over' the firms' employment taxes, (2) [the defendant] failed to do so, and (3) that failure was willful." (quoting *Greenberg v. United States*, 46 F.3d 239, 244 (3d Cir. 1994)); *United States v. Thayer*, 201 F.3d 214, 220 (3d Cir. 1999); IRS Manual § 9.1.3.3.1.

## REQUEST NO. 22 (FAILURE TO COLLECT, ACCOUNT FOR, AND PAY OVER PAYROLL TAXES—RESPONSBILE PERSON)

The first element that the Government must prove beyond a reasonable doubt for each tax quarter is that Mr. Gilmore was a person required to collect, account for, and pay over his law firm's payroll taxes.

Every employer, through one or more responsible persons, is required to collect *payroll* taxes from the wages of its employees. The *payroll* taxes must be deposited with an authorized financial institution or the Federal Reserve Bank at certain intervals that depend on the amounts withheld.

Every employer, through one or more responsible persons, is required to account truthfully for *payroll* taxes. In particular, within one month of the close of each calendar quarter, every employer is required to file with the IRS a Form 941, Employer's Federal Quarterly Tax Return, accounting truthfully for the employer's collection of *payroll* taxes for that quarter.

Every employer, through one or more responsible persons, is required to pay over to the IRS the *payroll* taxes that the employer has collected. The payroll taxes are to be paid over on or before the date the Form 941 is due.

Whether a person is responsible for collecting, accounting for, and paying over payroll taxes is a matter of status, duty, or authority. In determining whether Mr. Gilmore is a responsible person, you may consider the following factors:

One, the ability to sign checks on the law firm's bank account;

Two, the signature on the law firm's federal quarterly and other tax returns;

Three, payment of other creditors in lieu of the United States;

Four, the identity of partners and principal stockholders in the law firm;

27

Five, the identity of individuals in charge of hiring and discharging employees; and

Six, the identity of individuals in charge of the firm's financial affairs.

The Government is not required to prove that Mr. Gilmore meets all these factors in order for you to determine that he was a person required to collect, account for, and pay over payroll taxes.

## **AUTHORITY**

Eighth Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7202 (***setting forth the second, third, and fourth paragraph of the instructions proposed above, as modified to use the Superseding Indictment's reference to "payroll" rather than "employment" taxes***); *United States v. Lynch*, 735 F. App'x 780, 788 (3d Cir. 2018) ("Whether an individual is a 'responsible person' required to pay over the withheld taxes 'is a matter of status, duty, or authority, not knowledge.' *Greenberg v. United States*, 46 F.3d 239, 243 (3d Cir. 1994) (quoting *Brounstein v. United States*, 979 F.2d 952, 954 (3d Cir. 1992)).  In reaching this determination, we have considered the following factors: '(1) contents of the corporate bylaws, (2) ability to sign checks on the company's bank account, (3) signature on the employer's federal quarterly and other tax returns, (4) payment of other creditors in lieu of the United States, (5) identity of officers, directors, and principal stockholders in the firm, (6) identity of individuals in charge of hiring and discharging employees, and (7) identity of individuals in charge of the firm's financial affairs.' *Id.* (quoting *Brounstein*, 979 F.2d at 954-55).  There is no requirement that the defendant meet all these factors in order to be deemed a responsible person.").

## REQUEST NO. 23 (FAILURE TO COLLECT, ACCOUNT FOR, AND PAY OVER PAYROLL TAXES—FAILURE)

The second element that the Government must prove beyond a reasonable doubt is that Mr. Gilmore failed to cause Gilmore & Monahan to collect, account for, and pay over the payroll taxes for the quarters ending March 31, 2016, and June 30, 2016, at the time they were due.

## AUTHORITY

*United States v. Lynch*, 735 F. App'x 780, 788 (3d Cir. 2018) (explaining that, to establish a 26 U.S.C. § 7202 violation, the "Government must prove beyond a reasonable doubt that (1) [the defendant] was a person required to 'collect, account for, and pay over' the firms' employment taxes, (2) he failed to do so, and (3) that failure was willful."); *United States v. Thayer*, 201 F.3d 214, 220 (3d Cir. 1999) (explaining that "failing to pay" can meet this second element); Eighth Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7202 (instructing that the charge "be modified to conform to the particular charges alleged against the defendant").

## REQUEST NO. 24 (FAILURE TO COLLECT, ACCOUNT FOR, AND PAY OVER PAYROLL TAXES—WILLFULNESS)

The third element that the Government must prove beyond a reasonable doubt is that Mr. Gilmore's failure to cause Gilmore & Monahan to collect, account for, and pay over the payroll taxes for the quarters ending March 31, 2016, and June 30, 2016, at the time they were due was done willfully.

*As I previously explained, to prove that Mr. Gilmore acted "willfully," the Government must prove beyond a reasonable doubt that he acted voluntarily and in intentional violation of a known legal duty, which requires the Government to disprove any honest or good-faith belief held by Mr. Gilmore that the tax laws did not make his conduct criminal.*

*In the context of Counts 4 and 5, the Government must therefore prove beyond a reasonable doubt that Mr. Gilmore knew that he would be subject to criminal liability if Gilmore & Monahan did not collect, account for, and pay over the payroll taxes for the quarters ending March 31, 2016, and June 30, 2016, at the time they were due and that despite that knowledge he caused Gilmore & Monahan not to collect, account for, and pay over payroll taxes for those quarters at the time they were due.*

## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 6.26.7201-4 (***modified to summarize the proposed instruction as set forth in Request No. 15 and to tie that instruction to the offense as charged***); *id.* at Comment ("The definition of 'willfully' in tax cases mandates the conclusion that a defendant cannot be found guilty if the jury concludes that the defendant honestly believed the tax laws did not make his or her conduct criminal, even if that belief was unreasonable."); *Cheek v. United States*, 498 U.S. 192, 201-02 (1991) ("Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty. . . . [C]arrying this burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws."); *United States v. McGill*, 964 F.2d

222, 237 (3d Cir. 1992) ("'Willfulness' is the voluntary, intentional violation of a known legal duty."); *id.* at 238 ("In a situation in which the issue is whether the defendant knew of the duty purportedly imposed by the statute in question, the Government must prove actual knowledge of the pertinent legal duty, but this requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good faith belief that he was not violating any of the provisions of the tax laws."); *United States v. Lynch*, 735 F. App'x 780, 788-89 (3d Cir. 2018) ("The burden remains on the Government to disprove the defendant's good faith." (citing *Cheek*, 498 U.S. at 202).)

## REQUEST NO. 25 (FALSE STATEMENTS IN A LOAN APPLICATION
## (18 U.S.C. § 1014)—ELEMENTS OF THE OFFENSE)

Counts 6 of the Superseding Indictment charges Mr. Gilmore with making false statements in a loan application.  In order to find Mr. Gilmore guilty of this offense, you must find that the Government proved each of the following four elements beyond a reasonable doubt:

First: That Mr. Gilmore made a false statement in an application for a loan to a banking institution;

Second: That Mr. Gilmore knew the statement was false at the time it was made;

Third: The statement was made for the purpose of influencing the banking institution's action on the loan application; and

Fourth: the banking institution's deposits were insured by the Federal Deposit Insurance Corporation.

## AUTHORITY

*United States v. Chacko*, 169 F.3d 140, 147 (2d Cir. 1999); *United States v. Flynn*, No. 17-cr-40034, 2018 U.S. Dist. LEXIS 13067, at *8 (D. Mass. Jan. 26, 2018); *United States v. Musgrave*, No. 11-cr-183, 2012 U.S. Dist. LEXIS 130461, at *5 n.4 (S.D. Ohio Sept. 13, 2012).

## REQUEST NO. 26 (FALSE STATEMENTS IN A LOAN APPLICATION— FALSE STATEMENT)

The first element that the Government must prove beyond a reasonable doubt is that Mr. Gilmore made a false statement in a loan application to a banking institution.  A false statement is an assertion that is untrue when made.


## AUTHORITY

*United States v. Castro*, 704 F.3d 125, 140 n.8 (3d Cir. 2013) (stating that district court's instructions on offense of making a false statement to federal agents were correct to highlight that "'[a] false ... statement ... is an assertion which is *untrue when made*.'") (emphasis in original); *Shin v. United States*, No. 15-cr-7248, 2018 U.S. Dist. LEXIS 61080, at *41 (D.N.J. Apr. 11, 2018) (noting, in a 18 U.S.C. § 1014 prosecution, that "[t]he jury was instructed it had to find knowledge that the statements were false when made, and find intent to influence a bank to issue the mortgage loans which were identified in the indictment.").

## REQUEST NO. 27 (FALSE STATEMENTS IN A LOAN APPLICATION—
## DEFENDANT'S KNOWLEDGE OF FALSITY)

The second element that the Government must prove beyond a reasonable doubt is that Mr. Gilmore made the false statement on the loan application knowing it was false.

This means that the Government must prove beyond a reasonable doubt that Mr. Gilmore was conscious and aware *that the statement was untrue at the time that he made it*.

In deciding whether Mr. Gilmore acted "knowingly," you may consider evidence about what Mr. Gilmore said, what Mr. Gilmore did and failed to do, how Mr. Gilmore acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Gilmore's mind at that time.

## AUTHORITY

18 U.S.C. § 1014 (prohibiting one from "knowingly mak[ing] any false statement or report . . . ."); Third Circuit Model Criminal Jury Instructions, Instruction No. 5.02 (second and third paragraphs set forth above patterned off the general definition of "knowingly," *as modified to conform with the charged conduct*).

## REQUEST NO. 28 (FALSE STATEMENTS IN A LOAN APPLICATION— PURPOSE)

The third element that the Government must prove beyond a reasonable doubt is that Mr. Gilmore made the statement for the purpose of influencing the banking institution's actions on the loan application.

This means that the Government must prove beyond a reasonable doubt either that (1) it was Mr. Gilmore's conscious desire or purpose *to influence the banking institution's actions on the loan application by making the false statement*, or (2) Mr. Gilmore knew that *the false statement would influence or would be practically certain to influence the banking institution's actions on the loan application*.

In deciding whether Mr. Gilmore acted *with the purpose of influencing the banking institution's actions on the loan application*, you may consider evidence about what Mr. Gilmore said, what Mr. Gilmore did and failed to do, how Mr. Gilmore acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Gilmore's mind at that time.


## AUTHORITY

*United States v. Chacko*, 169 F.3d 140, 147 (2d Cir. 1999) (describing the element as requiring the Government to prove that "the statements were made for the purpose of influencing the institution to make a loan or advance"); *United States v. Baxt*, 74 F. Supp. 2d 436, 440 (D.N.J. 1999) (explaining that the *mens rea* requirement is the "intent to influence the action of the bank"); *Shin v. United States*, No. 15-cr-7248, 2018 U.S. Dist. LEXIS 61080, *41 (D.N.J. Apr. 11, 2018) (noting, in a 18 U.S.C. § 1014 prosecution, that "[t]he jury was instructed it had to find knowledge that the statements were false when made, and find intent to influence a bank to issue the mortgage loans which were identified in the indictment."); Third Circuit Model Criminal Jury Instructions, Instruction No. 5.03 (second and third paragraphs set forth above patterned off general definition of "intentionally," *as modified to conform with the charged conduct*).

### REQUEST NO. 29 (FALSE STATEMENTS IN A LOAN APPLICATION)— DEPOSITORY INSTITUTION)

The fourth element that the Government must prove beyond a reasonable doubt is that the banking institution in question, Ocean First Bank N.A., was insured by the Federal Deposit Insurance Corporation as of the date that Mr. Gilmore submitted the loan application.

### AUTHORITY

*United States v. El-Ghazali*, 142 F. App'x 44, 45 (3d Cir. 2005) ("[T]o obtain a conviction, the government was required to prove beyond a reasonable doubt that Berks County Bank was insured by the FDIC. 'Proof of [FDIC-insured] status is not a mere formality; it is an essential element of the federal offense . . . . Indeed, federal jurisdiction depends on this status.'"); *United States v. Iverson*, 818 F.3d 1015, 1024 (10th Cir. 2016) ("[A] bank's status as an FDIC-insured institution on the date of the crime is an element of federal bank fraud that must be proved to the jury beyond a reasonable doubt.").

36

## REQUEST NO. 30 (GOOD FAITH DEFENSE)

The offenses charged in the Superseding Indictment require proof that Mr. Gilmore acted willfully and knowingly made false statements.   If you find that Mr. Gilmore acted in "good faith," that is a complete defense to these charges, because good faith on the part of Mr. Gilmore is inconsistent with acting willfully and knowingly making false statements.

A person acts in "good faith" when he has an honestly held belief, opinion, or understanding that his acts were not unlawful or that his statements were truthful, even though that belief, opinion, or understanding turns out to be inaccurate or incorrect.  Thus, in this case if Mr. Gilmore made an honest mistake or had an honest misunderstanding about the lawfulness of his acts or the truth of his statements then he did not act willfully or did not knowingly make false statements.

Mr. Gilmore does not have the burden of proving "good faith."  Good faith is a defense because it is inconsistent with the requirement of the offenses charged, that Mr. Gilmore acted willfully and knowingly made false statements.  As I have told you, it is the Government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element.  ***With respect to mental state, the Government must prove that Mr. Gilmore had actual knowledge of the pertinent legal duty, but this requires negating any claim by Mr. Gilmore that he was ignorant of the law or a claim that because of a misunderstanding of the law, he had a good faith belief that he was not violating any of the provisions of the tax laws.***  In deciding whether the Government proved that Mr. Gilmore acted willfully and knowingly, or, instead, whether Mr. Gilmore acted in good faith, you should consider all of the evidence presented in the case that may bear on Mr. Gilmore's state of mind.  If you find from the evidence that Mr. Gilmore acted

37

in good faith, as I have defined it, or if you find for any other reason that the Government has not proved beyond a reasonable doubt that Mr. Gilmore acted willfully and knowingly made false statements, you must find Mr. Gilmore not guilty of the ***charged*** offenses.

## AUTHORITY

Third Circuit Model Criminal Jury Instructions, Instruction No. 5.07; *United States v. McGill*, 964 F.2d 222, 238 (3d Cir. 1992) ("In a situation in which the issue is whether the defendant knew of the duty purportedly imposed by the statute in question, the Government must prove actual knowledge of the pertinent legal duty, but this requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good faith belief that he was not violating any of the provisions of the tax laws."); *United States v. Lynch*, 735 F. App'x 780, 788–89 (3d Cir. 2018) ("Willfulness in a tax evasion case is a voluntary, intentional violation of a known legal duty.  Thus, if a defendant can show that he had a good faith belief that he was not violating the tax code, regardless of whether that belief was objectively reasonable, he has established that he did not act willfully.  The burden remains on the Government to disprove the defendant's good faith." (internal quotation marks and citations omitted)).

## REQUEST NO. 31 (THEORY OF THE DEFENSE)

[TO BE SUPPLIED]


## AUTHORITY

*United States v. Friedman*, 658 F.3d 342, 353-53 (3d Cir. 2011) (providing that "[a] defendant is entitled to a theory of defense instruction if (1) he proposes a correct statement of the law; (2) his theory is supported by the evidence; (3) the theory of defense is not part of the charge; and (4) the failure to include an instruction of the defendant's theory would deny him a fair trial."); Third Circuit Model Criminal Jury Instructions, Instruction No. 8.01.

## **CONCLUSION**

Defendant George Gilmore respectfully reserves the right to supplement or modify the foregoing in light of the evidence and testimony presented at trial.  Thank you for your consideration of these Requests to Charge.

Respectfully submitted,

MARINO, TORTORELLA & BOYLE, P.C.

Dated:  March 29, 2019                    By:  _____
                                                Kevin H. Marino
                                                437 Southern Boulevard
                                                Chatham, New Jersey  07928-1488
                                                (973) 824-9300
                                                *Attorneys for Defendant*
                                                *George Gilmore*