

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE    856/757-5026
401 Market Street, 4ᵗʰ Floor    Fax: 856/968-4917
Post Office Box 2098    Direct Dial: 856/968-4929
Camden NJ 08101-2098

March 29, 2019

Hon. Anne E. Thompson
Senior United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08625

      Re:    United States of America v. George Gilmore
             Crim. No. 19-029 (AET)

Dear Judge Thompson:

    Enclosed please find the Government's proposed jury panel voir dire in the above-captioned matter. A list of names likely to arise during the trial will be presented under separate cover to the Court and defense counsel for use in jury selection. The Government requests that the defendant supplement this list prior to jury selection.

                                     Respectfully submitted,

                                     RACHAEL A. HONIG
                                     Attorney for the United States
                                     Acting Under Authority Conferred by 28 U.S.C. § 515

          By:    /s/ Matthew J. Skahill
                  /s/ Jihee G. Suh
                MATTHEW J. SKAHILL
                JIHEE G. SUH
                Assistant United States Attorneys

                /s/ Thomas F. Koelbl
                THOMAS F. KOELBL
                Trial Attorney
                U.S. Department of Justice – Tax Division

cc:    Kevin H. Marino, Esq.
       John D. Tortorella, Esq.
       John A. Boyle, Esq.

## **JUROR VOIR DIRE** - Instruction

I am Judge Thompson, the trial judge in this case. You have been called to this courtroom as a panel of prospective jurors for the case of <u>United States v. George Gilmore</u>. This is a criminal case in which George Gilmore is charged in a six-count indictment with committing the crimes of tax evasion, in violation of 26 U.S.C. § 7201, filing false tax returns, in violation of 26 U.S.C. § 7206(1), failure to account for and pay over payroll taxes, in violation of 26 U.S.C. § 7202, and making false statements in a loan application, in violation of 18 U.S.C. § 1014.

From this panel we will select the jurors who will sit on the jury that will decide this case. We will also select alternate jurors, who will be part of this trial and available in the event that one of the regular jurors becomes ill or is otherwise unable to continue on the jury.

We rely on juries in this country to decide cases tried in our courts, so service on a jury is an important duty of citizenship. Jurors must conduct themselves with honesty, integrity, and fairness.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. That is, from the evidence seen and heard in court, the jury decides what the facts are, and then applies to those facts the law that I will give in my instructions to the jury. My role as the trial judge is to make whatever legal decisions must be made during the trial and to explain to the jury the legal principles that will guide its decisions.

We recognize that you are all here at some sacrifice. However, we cannot excuse anyone merely because of personal inconvenience, unless serving on this jury would be a compelling hardship.

In a few minutes you will be sworn to answer truthfully questions about your

1

qualifications to sit as jurors in this case. This questioning process is called the voir dire. I will conduct the questioning, and the lawyers for the parties may also participate. It is, of course, essential that you answer these questions truthfully; a deliberately untruthful answer could result in severe penalties.

Questions will be asked to find out whether any of you have any personal interest in this case or know of any reason why you cannot render a fair and impartial verdict. We want to know whether you are related to or personally acquainted with any of the parties, their lawyers, or any of the witnesses who may appear during the trial, and whether you already know anything about this case. Other questions will be asked to determine whether any of you have any beliefs, feelings, life experiences, or any other reasons that might influence you in rendering a verdict.

The questions are not intended to embarrass you. If you have a response that you are uncomfortable sharing publicly, please let me know and I will see that you are questioned in private. I also may decide on my own that questions should be asked in private.

After this questioning, some of you will be chosen to sit on the jury for this case. If you are not chosen, you should not take it personally and you should not consider it a reflection on your ability or integrity.

There may be periods of silence during the voir dire process, when the lawyers and I are not speaking openly. During those times you may talk, but you must not talk about this case or about the voir dire questions and answers.

United States v. George Gilmore

Criminal No. 19-029 (AET)

Juror Voir Dire

1. Is there anything about the nature or timing of this case, which causes an unusual hardship for you?

2. What is your age?

3. What city/town do you reside in?

4. How long have you resided in this city/town?

5. Do you currently own your home, or rent?

6. Are you responsible for the banking and paying of expenses in your household?

7. What is your occupation?

8. Are you currently employed? Where? For how long?

9. Do you or have you owned your own business? If so, what was the business and how many people did you employ?

10. What is your educational background (i.e., high school, college, professional school, or other)?

11. What is your marital status?

12. What is your spouse's occupation?

13. Do you have any children? (If so, please provide the following information: occupation and/or years in school and their level of schooling (i.e., elementary school, high school).

14. Have you, any member of your family, or any close friend ever been employed by any law enforcement agency? (If so, describe).

15. Have you ever served in the military?

16. Other than family or friends, name the individual you most admire?

17. This case likely will involve looking at computer monitors and reviewing typewritten and other exhibits. Do you have any medical or psychological problems, like eyesight or hearing difficulties, that makes it difficult for you to serve as a juror?

18. Do you have any difficulty speaking or reading English?

19. Have you ever served as a grand or trial juror in the federal, state or county courts? If so, please state: Where, when, what type of jury (grand or trial) and what type of case? Without telling us what the decision was, did the jury reach a verdict in that case? Is there anything about that experience which raises a question in your mind about your ability to serve as a fair and impartial juror in a criminal case in this Court?

20. Have you or anyone in your immediate family ever brought or participated in any lawsuit or legal proceeding, civil or criminal, in any court, whether it went to trial or not, as a plaintiff, a defendant, a witness, a victim of a crime or any other capacity? If so, please indicate: What type of matter was it? What was the outcome? Were you or your family member ever convicted, if the case was a criminal case? Is there anything about that experience which raises a question in your mind about your ability to serve as a fair and impartial juror in a criminal case in this Court?

21. Have you, any member of your family or any close friend ever been arrested or investigated by a law enforcement agency, municipal, county, state, or federal? If so, briefly describe.

22. Have you, any member of your family or close friend had, have, or anticipate having, any claims against, or disputes with, the U.S. Government (including the Internal Revenue Service (the "IRS")) or the government of any state, county, or municipality, or have sued or been sued by any such federal, state, county or local governmental entity (including the IRS)?

23. Have you, any member of your family or close friend, been involved in an IRS audit or had your real or personal property be the subject of an IRS, state or local government tax lien or levy?

24. Do you have any feelings or opinions about the IRS that would impact your ability to impartially serve as a juror in this case?

25. Do you or any of your relatives or close friends believe that the tax laws of the United States are unconstitutional or that people should not be required to pay income taxes?

26. Do you have any strong personal, political, philosophical, moral, or religious beliefs against the tax system of the United States?

27. Is there any reason you could not be fair to either side because the case involves tax

2

charges or because the IRS is involved?

28. Do you have any formal or informal training in accounting or tax?

29. The defendant in this case is George Gilmore, an attorney from Ocean County, New Jersey. Do you know the defendant or any member of his family?

30. The Court will instruct you in this case not to read, hear or view any media accounts (newspaper, TV, radio or internet/social media-related) involving this case, until after you have finished your duties as jurors. Please indicate if you will not be able to follow this instruction?

31. The Court will instruct you that if anyone contacts you about this case while you are serving as a juror, you are to report that contact immediately to the Court. Please indicate if you will not be able to follow this instruction?

32. Do you know, or are you familiar with, any of the individuals or entities that I read to you, who may be called as witnesses in this case or otherwise discussed or referenced in trial testimony? If yes, please tell me who you are familiar with and how.

33. The attorneys in this case representing the United States are Matthew Skahill, Jihee Suh, and Thomas Koelbl. Defendant George Gilmore is represented by attorneys Kevin Marino, John Tortorella and John Boyle whose practice is in Chatham, New Jersey. Do you know any of them?

34. Our law requires and demands that each case be decided solely on the evidence introduced at trial and not based on any outside influences. Please indicate if you will not be able to do that?

35. Our law requires and demands that you absolutely must accept and apply the law as the judge instructs you, even though you might not agree with it personally. Please indicate if you will not be able to follow my instructions?