Kevin H. Marino
John D. Tortorella
John A. Boyle
MARINO, TORTORELLA & BOYLE, P.C.
437 Southern Boulevard
Chatham, New Jersey 07928-1488
Tel: (973) 824-9300
Fax: (973) 824-8425
*Attorneys for Defendant George Gilmore*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>vs.<br><br>**GEORGE GILMORE,**<br><br>Defendant. | Case No. 3:19-cr-00029-AET<br><br><u>Oral Argument Requested</u><br><br>**NOTICE OF POST-TRIAL MOTIONS OF DEFENDANT GEORGE GILMORE** |

TO:  Matthew Skahill
     Attorney in Charge, Camden Branch
     United States Attorney's Office
     District of New Jersey
     Camden Federal Building & U.S. Courthouse
     401 Market Street, 4th Floor
     Camden, New Jersey 08101-2098

     Jihee G. Suh
     Assistant United States Attorney
     United States Attorney's Office
     District of New Jersey
     970 Broad Street
     Newark, New Jersey 07102

     Thomas F. Koelbl
     Trial Attorney
     U.S. Department of Justice
     Tax Division
     950 Pennsylvania Avenue, NW
     Washington, DC 20530-0001

PLEASE TAKE NOTICE that at 10:00 a.m. on May 30, 2019, in accordance with the schedule set by the Court by Order entered on April 30, 2019 [ECF No. 91], defendant George

Gilmore ("Gilmore"), through his attorneys, Marino, Tortorella & Boyle, P.C. (Kevin H. Marino, Esq., appearing), will move before the Honorable Anne E. Thompson, Senior United States District Judge, for a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, or in the alternative for a new trial, pursuant to Federal Rule of Criminal Procedure 33, and asserts the following reasons:

<u>Rule 29</u>

1. Gilmore is entitled to a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure on Count 1 of the Superseding Indictment, charging him with evading or defeating the payment of income tax, on which the jury failed to reach a verdict, because viewing the evidence in the light most favorable to the Government and giving the Government the benefit of all reasonable inferences to be drawn from that evidence, no rational jury could have found beyond a reasonable doubt that Gilmore engaged in affirmative acts to conceal or mislead the Government as to his ability to pay his income taxes.

2. Gilmore is entitled to a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure on Counts 4 and 5 of the Superseding Indictment, charging him with failure to account for and pay over payroll taxes for two fiscal quarters in 2016, because viewing the evidence in the light most favorable to the Government and giving the Government the benefit of all reasonable inferences to be drawn from that evidence, no rational jury could have found beyond a reasonable doubt that the Government negated Gilmore's good faith with respect to the payment of those payroll taxes.

3. Gilmore is entitled to a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure on Count 6 of the Superseding Indictment, charging him with making a false statement on a loan application, because viewing the evidence in the light most favorable to the Government and giving the Government the benefit of all reasonable inferences to be drawn from that evidence, no rational jury could have found beyond a reasonable doubt that he

knowingly made a false statement on a loan application for the purpose of influencing in any way the bank's action on that application.

<u>Rule 33</u>

4.     Gilmore is entitled to a new trial under Rule 33 of the Federal Rules of Criminal Procedure in the interest of justice on Counts 4 and 5 of the Superseding Indictment, charging him with failure to account for and pay over payroll taxes for two fiscal quarters in 2016, because the Government violated due process by knowingly failing to correct the revenue officer's false testimony in support of those counts of conviction.

5.     Gilmore is entitled to a new trial under Rule 33 of the Federal Rules of Criminal Procedure in the interest of justice on Counts 4 and 5 of the Superseding Indictment, charging him with failure to account for and pay over payroll taxes for two fiscal quarters in 2016, because the jury's verdict on those counts of conviction is contrary to the weight of the evidence, thus making a new trial necessary to prevent a miscarriage of justice.

6.     Gilmore is entitled to a new trial under Rule 33 of the Federal Rules of Criminal Procedure in the interest of justice on Counts 4 and 5 of the Superseding Indictment, charging him with failure to account for and pay over payroll taxes for two fiscal quarters in 2016, because the Court deprived Gilmore of his constitutional right to a meaningful opportunity to present a complete defense when it excluded evidence, and precluded comment on evidence, that was material to the defense, and the deprivation was arbitrary or disproportionate to any legitimate evidentiary or procedural purpose.

7.     Gilmore is entitled to a new trial under Rule 33 of the Federal Rules of Criminal Procedure in the interest of justice on Counts 4 and 5 of the Superseding Indictment, charging him with failure to account for and pay over payroll taxes for two fiscal quarters in 2016, because the Court deprived Gilmore of his constitutional rights to a meaningful opportunity to

present a complete defense and to a meaningful opportunity for effective cross-examination when it limited the scope of his cross-examination of the revenue officer.

8. Gilmore is entitled to a new trial under Rule 33 of the Federal Rules of Criminal Procedure in the interest of justice on Counts 4 and 5 of the Superseding Indictment, charging him with failure to account for and pay over payroll taxes for two fiscal quarters in 2016, because the Court deprived Gilmore of his constitutional rights to assistance of counsel and to a meaningful opportunity to present a complete defense when it precluded defense counsel from arguing Gilmore's theory of the defense in closing argument.

9. Gilmore is entitled to a new trial under Rule 33 of the Federal Rules of Criminal Procedure in the interest of justice on Counts 4 and 5 of the Superseding Indictment, charging him with failure to account for and pay over payroll taxes for two fiscal quarters in 2016, because the Court erred in refusing Gilmore's requested jury instructions on willfulness and good faith, that is, that the Government was required to prove beyond a reasonable doubt that Gilmore did not honestly believe that his conduct was not criminal under the federal tax laws, thus improperly permitting the jury to find Gilmore guilty on Counts 4 and 5 upon a finding that he believed his conduct violated the requirements of a civil tax statute, rule, or regulation.

10. Gilmore is entitled to a new trial under Rule 33 of the Federal Rules of Criminal Procedure in the interest of justice on Count 6 of the Superseding Indictment, charging him with making a false statement on a loan application, because the Government violated due process when it knowingly failed to correct the bank officer's false testimony in support of that count of conviction.

11. Gilmore is entitled to a new trial under Rule 33 of the Federal Rules of Criminal Procedure in the interest of justice on Count 6 of the Superseding Indictment, charging him with making a false statement on a loan application, because the jury's verdict on that count of conviction is contrary to the weight of the evidence, thus making a new trial necessary to prevent a miscarriage of justice.

The grounds asserted above will be more fully set forth and explained in Defendant's opening brief, to be filed on or before May 13, 2019, in his reply brief, to be filed on or before May 24, 2019, and at oral argument on May 30, 2019, as ordered by the Court. Many of the grounds asserted above were previously raised orally, as well as in letters, memoranda, briefs, and proposed jury instructions submitted both before and during trial. Defendant hereby incorporates those arguments and materials by reference.

Dated: May 1, 2019                                Respectfully submitted,

                                                  _____
                                                  Kevin H. Marino
                                                  John D. Tortorella
                                                  John A. Boyle
                                                  MARINO, TORTORELLA & BOYLE, P.C.
                                                  437 Southern Boulevard
                                                  Chatham, New Jersey 07928-1488
                                                  (973) 824-9300
                                                  *Attorneys for Defendant George Gilmore*